Barry **THURLO**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 17954.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 1992.

---

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Barry Thurlo appeals from a denial, without evidentiary hearing, of his Rule 24.035[1] motion seeking to vacate a judgment and sentence based on a plea of guilty to two charges of burglary in the second degree and a separate judgment and sentence on a plea of guilty to charges of burglary in the second degree and stealing more than $150, the two sentences to run consecutively for a total of 10 years.

■ Movant's sole point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, "because postconviction counsel failed to comply with Rule 24.035 in that counsel failed to sufficiently ascertain whether [movant] included all grounds known to him for attacking the judgment and sentence and failed to file an amended motion; thus, [movant] was abandoned by postconviction counsel." For the reasons which follow, this court holds that the point has no merit.

■ To entitle movant to an evidentiary hearing on his Rule 24.035 motion, the motion must plead facts, not conclusions, which if true would warrant relief, the allegations of fact must not be refuted by the record, and the matters complained of must have resulted in prejudice to movant. *Recklein v. State*, 813 S.W.2d 67, 70[6] (Mo.App.1991). Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

Movant filed a pro se motion seeking to challenge both judgments and sentences. The motion was on Form No. 40. Paragraph 8 of the form, which called for a concise statement of all grounds known to movant for vacating, setting aside or correcting the conviction and sentence, was left blank. Paragraph 9 of the form, which called for the names and addresses of the witnesses or other evidence upon which movant intended to rely to prove the facts set out in paragraph 8, contained three names but no addresses.

Thereafter, the court appointed Shara Martin, Assistant Special District Defender, as attorney for movant and granted additional time for the filing of an amended motion. Later, Attorney Martin filed her affidavit, which reads, in pertinent part:

Counsel has corresponded with pro se movant by mail. Counsel has obtained a copy of the guilty plea transcript in the underlying criminal file, *State v. Thurlo, Jasper County Case No. CR488–1027FX & CR488–1027FX*. After reviewing the pro se motion, and after corresponding with movant, and after reviewing the guilty plea transcripts and investigating this case, counsel can find no further grounds for filing an amended motion. Therefore, counsel tenders the affidavit in its stead, pursuant to [*Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987), and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991)].

Among the findings of the trial court contained in the order denying the motion were the following: Movant was represented by counsel in all of the underlying criminal proceedings; movant filed a motion for relief under Rule 24.035 on April 15, 1991. Subsequently counsel was appointed for movant and movant was granted additional time to file an amended motion; movant's counsel subsequently notified this court by affidavit that she was unable to find any further grounds for relief following a thorough review of the underlying case; the court finds no substantial evidence of the ineffective assistance of counsel at any stage in the proceedings.

Rule 24.035(e) reads:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. For good cause shown, appointed counsel may be permitted to withdraw. If appointed counsel is permitted to withdraw, the court shall cause new counsel to be appointed.

Movant argues that his postconviction counsel abandoned him by not filing an amended motion pursuant to Rule 24.035(e). Movant cites the following language from *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). "A record that does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record." Rule 29.15(e), based on a conviction following trial, is the counterpart to Rule 24.035(e), based on conviction following a guilty plea.

Movant makes the following argument:

The affidavit was counsel's attempt to comply with this provision of *Luleff.* However, appellant contends that the affidavit was inadequate such that the motion court could not have made a sufficient ruling on this issue of counsel's abandonment for failing to comply with the rule.

Appellant's *pro se* as incomplete as it was, did contain the names of three individuals, listed in paragraph 9. Appellant listed the names of "Duke Mallos," "Tobi Mallos" and "Tony Mallos." Counsel's affidavit, however, did not mention what information these individuals had to offer, nor specifically state whether counsel made any attempt to contact them. Likewise, the motion court did not address these individuals in its *Luleff*-type findings. The record before the motion court was insufficient to determine whether counsel had adequately complied with Rule 24.035(e).

"The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable." Rule 24.035(a). "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law...." Rule 55.03. "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties...." Rule 55.28.

Attorney Martin signed the affidavit and swore to the truth of its facts. The trial court found that she notified the court by affidavit that she was unable to find any further grounds for relief following a thorough review of the underlying case. The trial court also found that there was no substantial evidence of ineffective assistance of counsel at any stage in the proceedings. Those findings are not clearly erroneous and, indeed, are fully supported by the record. Movant's point has no merit.

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.