Ronnie Lee CAMERON, Petitioner–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 18538.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 4, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Judge.

The movant Ronnie Lee Cameron appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We remand to the motion court.

FACTS

The movant pled guilty to eight counts of second degree burglary and one count of first degree property damage. He was sentenced to a term of five years imprisonment on Count I, one of the burglary counts. On each of the remaining counts, he was sentenced to separate terms of five years with the sentences to be served concurrently with each other and consecutively to the sentence for Count I, for a total of 10 years with the Missouri Department of Corrections.

Using Supreme Court Form 40, the movant timely filed a *pro se* motion for postconviction relief pursuant to Rule 24.035. We quote in its entirety the movant's paragraph 8, in which he was to state concisely all grounds known to him for vacating, setting aside, or correcting his conviction and sentence:

(a) I would like to ask the court to run the to [sic] five year sentences together and or

(b) I would ask the court for 120 day shock time.

The movant left blank paragraph 9 of the standard form motion in which he was to state the facts that supported the grounds set out in paragraph 8.

The motion court appointed the state public defender's office to represent the movant, an indigent. The record reflects the following activity by appointed counsel. On September 16, 1992, an assistant state public defender entered his appearance on behalf of the movant. On October 26, 1992, appointed counsel filed the following document, entitled "Notice Of Determination Of Counsel Not To File Amended Motion And Decision To Stand On Pro Se Motion, And Request For Hearing Thereon":

> Comes now Ronnie Cameron, movant herein, by and through counsel, and said counsel, after review of the Court's files in this case and trial counsel's file in the underlying criminal case, 191CF0133, determines and certifies that he is unaware of any additional claims to submit to the Court in an amended motion as contemplated by Rule 24.035, and accordingly is hereby notifying the Court of the decision to stand on the *pro se* motion filed herein on August 24, 1992. Further, movant respectfully requests a hearing on his said *pro se* motion, and findings and conclusions deciding the issues presented in said motion and affirmatively states that his *pro se* motion alleges facts not refuted by the record in the underlying criminal case, entitling him to relief herein.

The court dismissed the motion without an evidentiary hearing and issued findings of fact and conclusions of law related to the movant's claims for relief. Nothing in the record indicates the court made independent inquiry into the performances of appointed counsel and the movant.

## DISCUSSION AND DECISION

▌ The question on appeal is whether the record supports a conclusion that the movant's appointed counsel performed as required by Rule 24.035(e), which provides, in pertinent part:

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the [*pro se*] motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

In *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), the supreme court enunciated the following principles to guide an inquiry into counsel's performance under Rules 24.035(e) and 29.15(e): [1]

> A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel.

807 S.W.2d at 498[3–5]. For reasons to be stated, we conclude the record before us does not indicate that appointed counsel made the determinations required by Rule 24.035(e).

A cursory examination of the movant's *pro se* motion reveals its fatal shortcomings. Under paragraph 8, the movant stated his intention to make two "requests" of the motion court. The movant left blank paragraph 9 in which he was to state facts that supported his paragraph 8 "grounds." Despite the patent inadequacy of the movant's *pro se* motion, counsel chose "to stand on" that motion and not file an amended motion, stating in the notice, "he [counsel] is unaware of any additional claims to submit to the Court in an amended motion...." Counsel based his decision on his "review of the Court's files in this case and trial counsel's file in the underlying criminal case ..."

1. Rule 24.035(e), applicable here, and Rule 29.- 15(e), applicable in *Luleff,* are identical.

Counsel's review of the record was an appropriate step toward preparing an amended motion or making a conscious choice not to amend the *pro se* motion. *See Poe v. State*, 820 S.W.2d 325, 327[4] (Mo.App. 1991). However, counsel's performance fell short of the plain directive of Rule 24.035(e): In addition to making certain the movant's claims for postconviction relief are supported by allegations of fact, "[c]ounsel shall ascertain.... whether the movant has included all grounds known to *him*" and, if necessary, file an amended motion that includes "all grounds known to *the movant* ...." (Our emphasis.)

It is possible that appointed counsel, in an attempt to comply with Rule 24.035(e), unsuccessfully sought to ascertain all grounds known to the movant as a basis for attacking the judgment and sentence. However, no such attempt at ascertainment appears in the record. Because the record does not indicate that appointed counsel ascertained whether the *pro se* motion included all grounds known to the movant as required by Rule 24.035(e), we presume he failed to comply with the rule. *Luleff*, 807 S.W.2d at 498[3].

Relying on *Luleff*, the state argues that when appointed counsel determines that an amended motion is not warranted and makes a record of that determination, "the court need not inquire further." This argument is not supported by *Luleff*, and it ignores ample case law to the contrary. *See, e.g., Poe*, in which the Western District of the Court of Appeals, applying *Luleff*, observed:

Even though the record may reflect some activity by appointed counsel to demonstrate compliance with Rule 29.15(e)[,] the record must explicitly reflect that counsel acted to ascertain whether sufficient facts were asserted in the pro se motion and whether the movant included all known grounds.

820 S.W.2d at 327[3] (citations omitted). Although the record before us indicates some activity by appointed counsel, it does not explicitly reflect whether counsel attempted to ascertain all grounds for relief known to the movant.

Instructive is *Thurlo v. State*, 841 S.W.2d 770 (Mo.App.1992). In *Thurlo*, appointed counsel filed an affidavit that stated, in part:

Counsel has corresponded with pro se movant by mail. Counsel has obtained a copy of the guilty plea transcript[s] in the underlying criminal file.... After reviewing the pro se motion, and after corresponding with movant, and after reviewing the guilty plea transcripts and investigating this case, counsel can find no further grounds for filing an amended motion.

841 S.W.2d at 771. This court affirmed the motion court's denial of postconviction relief without an evidentiary hearing, rejecting the movant's argument that appointed counsel's affidavit was inadequate to show compliance with Rule 24.035(e). 841 S.W.2d at 772. The affidavit in *Thurlo* not only stated appointed counsel's determination that an amended motion was not warranted, it also indicated action by counsel designed to ascertain all grounds for relief known to the movant. The affidavit in the case before us, in contrast to *Thurlo*, is silent about counsel's activity directed toward determining whether the *pro se* motion includes all grounds known to the movant. Therefore the motion court should have inquired *sua sponte* into the performances of counsel and the movant. *Luleff*, 807 S.W.2d at 498[5].

*McDaris v. State*, 843 S.W.2d 369 (Mo. banc 1992), provides guidance for the *sua sponte* inquiry. In *McDaris*, the movant raised a two-fold complaint on appeal on the issue of abandonment by postconviction counsel. He contended he had been abandoned by appointed counsel who filed a late amended Rule 24.035 motion, which the motion court dismissed, and he charged that the motion court did not adequately investigate abandonment. 843 S.W.2d at 371. The supreme court, holding that the movant was not prejudiced by the late filing, did not directly address the issues of abandonment and the motion court's investigation of abandonment. Nevertheless, the court observed:

McDaris legitimately highlights the need to detail procedures for the *Sanders* [*v. State*, 807 S.W.2d 493 (Mo.1991) ]; *Luleff*

"independent inquiry," in the event of late or non-filing of the amended motion....

Pending issuance of a Rule change, the trial court should, as part of its independent inquiry under *Luleff*, inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply. The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.

843 S.W.2d at 371–72 n. 1.

There is nothing in the record to indicate the motion court conducted an independent inquiry pursuant to *Luleff*. Therefore we remand the cause to the motion court for its determination of whether appointed counsel performed as required by Rule 24.035(e). *See Luleff*, 807 S.W.2d at 498. If the court finds that appointed counsel did not perform as required, and the lack of performance was not the result of the movant's action or inaction, the court shall appoint new counsel, allowing time, if necessary, to amend the motion as permitted under Rule 24.035, and the cause shall proceed according to that rule. *Luleff*, 807 S.W.2d at 498[7].

Whatever the court's determination of the abandonment issue, the court shall make a sufficient record to demonstrate on appeal that its ruling is not clearly erroneous. *McDaris*, 843 S.W.2d at 371–72 n. 1; *Luleff*, 807 S.W.2d at 498.

PARRISH, C.J., and MONTGOMERY, J., concur.