Mike KINDER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18725.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 1993.

**668**

en, would entitle him to relief "in that he alleged an agreement between him and the state to the effect that movant would be required to serve 48 months in prison. Movant did not receive the benefit of that agreement and his plea of guilty was therefore not intelligently and voluntarily made [in violation of his constitutional rights], [and] movant was entitled to the benefit of his plea bargain with the state."

■ To entitle movant to an evidentiary hearing on his Rule 24.035 motion, (1) the motion must plead facts, not conclusions, which if true would warrant relief, (2) the allegations of fact must not be refuted by the record, and (3) the matters complained of must have resulted in prejudice to movant. *Thurlo v. State,* 841 S.W.2d 770, 771 (Mo. App.1992); *Wedlow v. State,* 841 S.W.2d 214, 216[2] (Mo.App.1992); *Recklein v. State,* 813 S.W.2d 67, 70[6] (Mo.App.1991). If any of these three factors is absent, the motion court may deny an evidentiary hearing. *Wedlow,* at 216. Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

On August 24, 1992, movant entered his plea of guilty. Another hearing was held on September 9, 1992, when movant was sentenced.

At the August 24 hearing, movant was present with his counsel. The prosecutor informed the court that a plea agreement had been reached and was embodied in state's Exhibit 1. That agreement, signed by the prosecutor and by movant and his counsel, provided, among other things, that movant would be sentenced to eight years' imprisonment, two counts of the information would be dismissed, movant waived any right to a presentence investigation, and movant was to be sentenced as a prior and persistent offender, under § 558.019,[2] and as a prior drug offender.

Rosalynn Koch, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Mike Kinder appeals from a denial, without evidentiary hearing, of his Rule 24.035 [1] motion, seeking to vacate a judgment and sentence on a plea of guilty to possession of a controlled substance, a class B felony. Movant was sentenced to a term of eight years' imprisonment.

Movant's first point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, because the motion alleged facts which were not refuted by the record and which, if prov-

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Section 558.019.2(2) provides that if the defendant is a persistent offender, the minimum pris-

on term which the defendant must serve shall be sixty percent of his sentence. Sixty percent of eight years is 4.8 years or 57.6 months.

Under examination by the court, movant stated that Exhibit 1 represented the plea agreement. The court read Exhibit 1 to movant, and movant stated that he understood it. Movant told the court he had a twelfth grade education. Movant admitted the prior convictions on which the recidivist findings were based. The court gave movant a detailed explanation of the rights he was waiving by entering the plea. The court accepted the plea.

■ Movant's first point is based upon a mathematical error contained in a statement by the prosecutor at the August 24 hearing. After the court had read to movant the allegations of the information, but before the court's interrogation of movant with regard to Exhibit 1, the following occurred:

THE PROSECUTOR: As contemplated on the plea agreement, however, in return for various factors that we can discuss at some later point with the Court, State feels that it is justified and warranted that he only do 60 percent of the 8–year sentence within that range, instead of the high end which would be 60 percent, which would be about 48 months, something like that.

THE COURT: Thank you. [Defense counsel], is the range of punishment and the effect on parole properly stated?

DEFENSE COUNSEL: It is correct, Judge.

THE COURT: As to the 60 percent on 8 years, I believe he would do 5 years, plus. It would probably be more than 48.

Mr. Kinder, do you have any questions about what you're charged with?

MOVANT: No, sir.

THE COURT: Do you understand the range of punishment and the effect on parole?

MOVANT: Yes, sir.

THE COURT: As far as these calculations are concerned, you're intelligent enough to make the calculations, I take it?

MOVANT: Yes, sir.

THE COURT: And have you calculated it, yourself?

MOVANT: Yes, sir.

THE COURT: All right. Do you have any questions about the range of punishment or the effect on parole?

MOVANT: No.

THE COURT: All right. How do you plead to Count I?

MOVANT: Guilty.

At the hearing of September 9, 1992, nothing was said about the mathematical understatement of the prosecutor or the overstatement by the court which were made at the prior hearing.

In its order denying movant's Rule 24.035 motion, the court said:

[T]he original plea agreement provided for a sentence of eight years in the Missouri Department of Corrections and a finding that the defendant was a prior and persistent offender under Section 558.019, M.R.S. which provided for restriction on parole requiring sixty percent of a sentence to be served. At the time of the plea of guilty, the defendant was aware that there were differing conclusions resulting from the calculation of sixty percent of eight years. The exact calculation is 4.8 years. However, the defendant stated that he had a twelfth grade education and had the ability to calculate the exact effect on parole eligibility hisself (sic). He stated that he did not have any questions concerning the range of punishment or the effect on parole. Those matters were accurately stated to the defendant before his plea of guilty was accepted.

Therefore, the Court finds that the plea of guilty was freely, voluntarily and intelligently entered with the full understanding of the charge, the range of punishment thereon and the effects on his eligibility for parole.

This court holds that the record refutes the matters quoted in movant's first point and that the findings and conclusions of the trial court are not clearly erroneous. Movant's first point has no merit.

Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, "because his post-conviction counsel failed to comply with Rule 24.035 in that counsel did not file an

amended motion and did not request an evidentiary hearing, which was necessary for the motion court to evaluate the issues raised in the *pro se* motion; thus movant was abandoned by post-conviction counsel."

In his argument in support of his second point, movant states: "Postconviction counsel in this case failed to amend [movant's] *pro se* motion and, more importantly, failed to request on his behalf an evidentiary hearing in order for the court to evaluate the claims raised in [movant's] *pro se* motion."

On December 8, 1992, movant filed his motion pro se. On the next day, the public defender was appointed to represent movant. On January 5, 1993, the motion court sustained "Movant's Application for Extension of Time and to File an Amended Motion," and granted movant an extension of time to January 29, 1993, in which to file an amended motion.

On January 29, 1993, movant's counsel filed a document entitled "Notice of Determination of Counsel Not to File Amended Motion and Decision to Stand on Pro Se Motion, and Request for Hearing Thereon." That document, signed by movant's counsel, reads:

> Comes now, Michael Kinder, movant herein, by and through counsel, and said counsel, after review of the Court's files in the underlying criminal case, CR590–604FX, and having advised movant of his options and the consequences thereof, and of movant's right to file an amended motion herein, determines and certifies that he is unaware of any additional claims to submit to the Court in an amended motion as contemplated by Rule 24.035, and accordingly is hereby notifying the Court of the decision to stand on the *pro se* motion filed herein on December 8, 1992. Further, movant respectfully requests a hearing on his said *pro se* motion, and findings and conclusions deciding the issues presented is (sic) said motion, and affirmatively states that his *pro se* motion alleges facts not refuted by the record in the underlying criminal case, entitling him to relief herein.

■ Except for the statement that post-conviction counsel did not file an amended motion, movant's second point is factually

unfounded. Post-conviction counsel did request an evidentiary hearing on the pro se motion. The document filed January 29, 1993, is sufficient to demonstrate that post-conviction counsel did not abandon movant. See *State v. Shields,* 862 S.W.2d 503, 506[8] (Mo.App.1993); *Thurlo v. State,* 841 S.W.2d 770, 771–772[1] (Mo.App.1992). Movant's second point has no merit.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.