George BONAR, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 48352.

Missouri Court of Appeals,
Western District.

Aug. 2, 1994.

Marcie W. Bower, Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and LOWENSTEIN and SPINDEN, JJ.

SPINDEN, Judge.

George Bonar appeals the denial of his Rule 24.035 motion. He seeks remand on the ground that his motion attorney abandoned him by virtue of not filing an amended motion and relying instead on the motion Bonar had prepared.

▌ In postconviction proceedings, abandonment results from a motion counsel's failure to file an amended motion when the record makes no showing of motion counsel's compliance with Rule 24.035(e).[1] *Luleff v. State*, 807 S.W.2d 495, 497–98 (Mo. banc 1991). When the record shows no activity by motion counsel on the movant's behalf, the motion court must make a *sua sponte* inquiry regarding the performances of motion counsel and the movant. *Id.* at 498.

At issue in this appeal is whether motion counsel's notice of her decision not to amend sufficiently demonstrated compliance with Rule 24.035(e) and eliminated the necessity of further inquiry by the motion court. We conclude that the motion court properly denied the motion and affirm.

Bonar pleaded guilty to first degree assault and armed criminal action. He was sentenced to concurrent prison terms totaling 30 years. In his *pro se* Rule 24.035

motion, he alleged that he was forced to plead guilty by his defense counsel's promises of a sentence from nine to twelve years and of the same sentence on both counts.

The court appointed counsel to assist Bonar with his Rule 24.035 claim. The attorney entered her appearance and requested more time to file an amended motion. She later notified the court that she had decided not to file an amended motion. Her notice said:

> Comes now movant, George Bonar, by and through undersigned counsel, and after review of the Court's file in this case and review of the underlying criminal case, Buchanan County Case No. CR592–736FX, which consists of the legal file, the trial counsel's file, and the trial transcript, said counsel determines and certifies that she is unaware of any additional claims to submit to the Court in an amended motion as contemplated by Rule 24.035, and accordingly is hereby notifying the Court of the decision to stand on the *pro se* motion filed herein on April 19, 1993. Said *pro se* motion sufficiently states the cognizable claims.

> WHEREFORE, Movant respectfully requests this Court rule on his *pro se* motion without an evidentiary hearing.

In its findings of fact and conclusions of law, the motion court acknowledged the notice, found Bonar's *pro se* claims to be refuted by the record, and denied postconviction relief.

Bonar contends that his motion counsel violated the directives of Rule 24.035(e) by failing to file an amended motion and by waiving an evidentiary hearing. He asserts that the record is void of any specific, affirmative efforts by his attorney to determine possible action in the postconviction proceedings. He maintains that his attorney's notice did not demonstrate compliance with Rule 24.035(e) because the notice did not indicate that motion counsel had determined whether Bonar was aware of additional claims.

1. Rule 24.035(e) provides, "Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds."

Bonar rests his appeal on *Cameron v. State,* 863 S.W.2d 385 (Mo.App.1993), in which this court's Southern District remanded a Rule 24.035 action for a *Luleff* inquiry. The motion counsel in that case filed notice of his decision not to amend the *pro se* motion, stating that he had reviewed files in the underlying criminal case, was unaware of additional claims to submit, and the *pro se* motion alleged facts entitling Cameron to postconviction relief. *Id.* at 385.

In evaluating Cameron's claim of abandonment, the *Cameron* court found that motion counsel had violated both directives of Rule 24.035(e) by failing to make certain that the motion alleged sufficient facts and by failing to determine whether Cameron had additional grounds to raise. *Id.* at 386–87. The *Cameron* court first noted that Cameron's motion had fatal shortcomings; it merely stated requests without any facts to support grounds for relief. *Id.* at 386. The court found the motion's patent inadequacy contrary to motion counsel's choice to stand on that motion and that the notice lacked any explicit indication of whether motion counsel had attempted to ascertain all grounds known to Cameron. *Id.* at 387. Although the record showed some activity by motion counsel, the court found the record insufficient to show compliance with Rule 24.035(e), and, therefore, remanded the matter for a *Luleff* inquiry. *Id.* at 388.

■ The issue raised by Bonar is whether motion counsel's notice demonstrated compliance with Rule 24.035(e) and eliminated the necessity of a *Luleff* inquiry. We turn for instruction to *Luleff,* 807 S.W.2d at 498.

■ Under *Luleff,* a record lacking indication of whether motion counsel fulfilled the requirements of Rule 24.035(e) creates a presumption of non-compliance with the rule. *Id.* at 498. *Luleff* directs motion counsel who determines that filing an amended motion is unwarranted to make that determination a part of the record. *Id.* It requires the motion court to make a *sua sponte* inquiry into the attorney's actions when "there is no record of any activity by counsel on movant's behalf[.]" *Id.* Motion counsel's notice informing the court of reasons for not filing an amended motion can provide a sufficient rec-

ord to dispel a movant's claim of abandonment and to eliminate the need for a *Luleff* inquiry. *See, e.g., State v. Dewey,* 869 S.W.2d 834, 838 (Mo.App.1994); *Kinder v. State,* 867 S.W.2d 667, 670 (Mo.App.1993); *State v. Shields,* 862 S.W.2d 503, 506 (Mo. App.1993).

In *Dewey,* this court rejected a claim of abandonment although the motion counsel filed no amended motion and the appellant specified an additional ground for relief. There, motion counsel had determined an amended motion to be unwarranted, and informed the motion court of his analysis. 869 S.W.2d at 838.

Here, we find that the record sufficiently demonstrates motion counsel's compliance with Rule 24.035(e). Bonar's motion counsel followed the *Luleff* directive by making her determination not to file an amended motion a part of the record. In her notice, she certified that she was unaware of additional claims after reviewing files in the criminal action, and she noted that the *pro se* motion sufficiently stated the cognizable claims. Unlike *Cameron,* nothing in the record here suggests that Bonar's motion counsel failed to make the requisite inquiries. Unlike *Cameron,* Bonar's *pro se* motion articulated specific facts in support of his claims of ineffective assistance of defense counsel. The notice reflected the sufficiency of those claims.

■ Under the circumstances presented here, the technical failure of the notice to explicitly state that motion counsel ascertained whether the *pro se* motion included all grounds known to Bonar is inconsequential. *Luleff* specifies that *motion counsel's* determination appear in the record. 807 S.W.2d at 498. Bonar's motion counsel complied with the *Luleff* directive by determining that filing an amended motion was not warranted and by making that determination a part of the record. Bonar does not suggest that his attorney actually failed to consult with him or that he actually had additional claims to raise. The motion court addressed each of the claims presented in his *pro se* motion. We determine that a *Luleff* inquiry was not necessary when, as here, motion counsel's

notice reflected compliance with Rule 24.-035(e) and nothing in the record contradicted that reflection.

All concur.