STATE of Missouri, Respondent,

v.

Henry BUFORD, Appellant.

Henry BUFORD, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65558, 67339.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 3, 1995.

N. Scott Rosenblum and Ramona L. Marten, Wittner, Poger, Rosenblum & Spewak, P.C., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Henry Buford was convicted by a jury for possession of cocaine (Count I), unlawful use of drug paraphernalia (Count II), and possession of over 35 grams of marijuana (Count III). In accordance with the jury verdict, the trial court sentenced him to a total of fifteen years imprisonment to run concurrently. Defendant filed a timely pro se motion to vacate the judgment pursuant to Rule 29.15. After an amended motion was filed, the trial court denied his motion for post-conviction relief without an evidentiary hearing. Buford appeals these judgments contending: (1) there was insufficient evidence to support the jury verdict; and, (2) the trial court failed to address his amended motion to vacate the judgment pursuant to Rule 29.15. We affirm the convictions. We reverse and remand for consideration of defendant's amended Rule 29.15 motion.

We will affirm a jury verdict if it is supported by substantial evidence. *State v. Keeper,* 787 S.W.2d 887, 888 (Mo.App.1990). Our function is not to weigh the evidence, but to determine only if there was sufficient evidence from which a trier of fact could reasonably find the defendant guilty. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982). The evidence is sufficient to sustain a conviction if a reasonable juror might have found a defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). We consider the State's evidence and reasonable inferences in the light most favorable to the State and reject all evidence and inferences to the contrary. *State v. Villa-Perez,* 835 S.W.2d 897, 900 (Mo. banc 1992).

Evidence presented to the jury is as follows. On October 15, 1992, the Drug Enforcement Agency (DEA) executed a search warrant for a two bedroom apartment at 1632 Knapp in the City of St. Louis. DEA

**318**

agents entered and immediately arrested defendant. Buford was the only person in the apartment. The agents searched the entire residence. In one bedroom, on the dresser, DEA agents discovered several plastic bags containing crack cocaine along with a pager, $468, and various documents with Buford's name on them: a work I.D. badge, sportsmanship award, and a receipt. In the closet, they found some clothing and a glass test tube with white residue in it, which later tested as crack cocaine residue.

In another room (similar to a "T.V. type room"), the DEA agents confiscated an O'Haus trip balance scale and a couple of plastic bags of marijuana with a combined weight of 36.152 grams.

In the kitchen, agents seized a glass vial in the sink and another O'Haus trip balance scale under the sink. In the living room, they found a razor blade, a small piece of crack cocaine under the sofa, and a glass vial on the coffee table. Subsequently, the State charged Buford with possession of cocaine, drug paraphernalia, and knowingly possessing over 35 grams of marijuana.

At trial, Buford testified on his behalf. He indicated he shared the apartment with Otis Williams and claimed the cocaine and marijuana belonged to Williams.

On direct appeal Buford claims there is insufficient evidence to convict him of knowingly possessing cocaine, drug paraphernalia, and marijuana.

To sustain a conviction for possession of a controlled substance, the State must show the defendant knowingly and intentionally possessed the proscribed substance. *State v. Keeper,* 787 S.W.2d 887, 889 (Mo. App.1990). If actual possession is not present, constructive possession will suffice as long as other facts buttress an inference the defendant had knowledge of the controlled substance. *Id.* Exclusive control of the premises is enough to raise an inference of possession and control of the substance. *Id.* at 889–890. However, where only joint control exists, additional evidence is needed to connect the defendant with the drugs. *Id.* at 890. Such additional evidence showing conscious possession of contraband by a person

in joint control of the premises include: routine access to an area where controlled substances are found; the presence of large quantities of the substances at the scene where the accused is arrested; conduct and statement made by the accused, *State v. Thomas,* 737 S.W.2d 247, 249 (Mo.App.1987); and a mixture of defendant's personal belongings with the substance, *State v. Johnson,* 811 S.W.2d 411, 414 (Mo.App.1991).

On the cocaine charge, there is no evidence Buford had actual possession. However, the State proved he had constructive possession over the cocaine. Buford had routine access to the bedroom where the cocaine was discovered. Richard Bauer, one of the DEA agents, testified he saw a bed which appeared as if Buford had been laying on and a TV that was turned on at the time of the raid.

Buford acknowledged he slept in the room where the cocaine was found. He further testified he and Williams entered into a lease for a two bedroom apartment at 1632 Knapp in the City of St. Louis. Buford admitted he paid rent or at least half the rent for the apartment and established telephone service solely in his name.

Buford also mingled his personal belongings with the cocaine. DEA agents discovered a pager, $468 and various documents with Buford's name on them such as a work I.D. badge, sportsmanship award, and a receipt. All these items were found on the dresser together with the cocaine.

Furthermore, Buford made several admissions indicating knowledge of the cocaine. Buford admitted to DEA agents he gave women money to purchase the cocaine for him. He then explained he would receive sexual favors from them when they returned with the drugs. Buford also conceded to the agents he charged $5 per person to use the drugs at parties. There is substantial evidence showing Buford had knowledge and control over the cocaine.

On the paraphernalia charge, there is sufficient evidence to show Buford had or at least shared possession of drug paraphernalia scattered throughout the apartment. He had routine access to the kitchen where

DEA agents found a glass test tube in the sink and a scale under the sink. Buford acknowledged the presence of the scale under the sink. He also had routine access to the living room where agents seized a razor blade with a small piece of crack cocaine and a glass vial.

Additionally, there is evidence Buford mixed his personal belongings with the drug paraphernalia. In his bedroom closet, DEA agents found a cardboard box with clothes on top of it and a glass test tube with crack cocaine residue in it. Buford told the agents he used the test tubes to cook crack cocaine. He did not rebut this statement at trial. These facts raise sufficient inferences of defendant's knowledge and possession of the drug paraphernalia.

 On the marijuana charge, Buford did not have actual possession, but there was evidence of constructive possession. At trial, DEA agent Richard Bauer testified he searched the "spare bedroom". He called it the spare bedroom "because it was basically a T.V. type room, no clothes in the closet, just kind of a lounge area—". Buford said Williams would sleep in this room on the floor or on a "pit set". However, at the time of the raid, this room only contained a two person sofa, an ottoman and a T.V. The evidence would support a finding no other person lived in the apartment beside Buford.

Buford contends the marijuana belonged to Williams. However, when Agent Bauer asked Buford how to contact Williams about the marijuana, he replied, "No, I'm not going to do that. It's my apartment. The drugs were found in my house. And there is no need to, you know, hassle him." At trial, Buford did not deny this declaration. His admission to DEA agents is sufficient in itself to support the conviction.

The State agrees the trial court erred in failing to address Buford's amended motion to vacate the judgment under Rule 29.15. He filed his pro se motion for post-conviction relief on September 26, 1994. On October 26, 1994, he requested additional time to amend his motion for relief and filed his amended motion to vacate the judgment. Two days later, the trial court denied the original motion without considering the amended motion. The amended motion is still pending before the motion court.

We affirm the convictions on the three charges. We reverse and remand the amended Rule 29.15 motion for consideration.

REINHARD, P.J., and WHITE, J., concur.