**STATE of Missouri, Respondent,**

v.

**Marc A. POWELL, Appellant.**

**No. WD 54713.**

Missouri Court of Appeals, Western District.

Aug. 18, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James H. Klahr, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

ULRICH, Judge.

Marc Powell appeals his conviction following jury trial for possession of a controlled substance with intent to distribute, section 195.202, RSMo 1994, and sentence of five years imprisonment. As his sole point on appeal, Mr. Powell argues that the trial court erred when it overruled his motion for acquittal where the evidence was insufficient to establish that he possessed the marijuana found in the car in which he was a passenger. The judgment of conviction is affirmed.

## FACTS

Sergeant Ronald Cunningham of the Archie, Missouri police department observed a vehicle driving eighty-four miles per hour in a seventy miles per hour zone on Highway 71 on January 5, 1997, at 1:30 a.m. Officer Cunningham attempted to cause the driver to stop the vehicle. The driver of the vehicle, Cory Whitaker, drove onto the shoulder of Highway 71. Mr. Whitaker then maneuvered the vehicle back onto the highway, crossed a bridge, and finally stopped the car.

Officer Cunningham approached the vehicle, which contained three persons. Marc Powell was in the front passenger seat, Ronnie Hightower was in the back seat, and Cory Whitaker was driving. All three men seemed nervous and "spaced out" to Officer Cunningham. The police officer asked Mr. Whitaker for a driver's license, and he replied that he did not have it with him because

he had left it in Oklahoma, the men's home state. Officer Cunningham then asked Mr. Whitaker for proof of insurance. As Mr. Whitaker was looking for the insurance papers in his glove box, Officer Cunningham shone his flashlight in the vehicle and noticed Mr. Powell moving his foot on the floorboard back toward the passenger seat.

Officer Cunningham returned to his vehicle and discerned through a dispatcher that Mr. Whitaker did not have a driver's license. Officer Cunningham returned to the vehicle to arrest Mr. Whitaker. When Mr. Whitaker exited the vehicle, Officer Cunningham smelled a strong odor of marijuana emanating from inside the vehicle. Officer Cunningham also noticed, protruding from underneath the passenger seat, the corner of a plastic bag containing a green, leafy substance. Officer Cunningham asked all three men to exit the vehicle. Officer Cunningham described the men as appearing glassy-eyed and "laid back," although "paranoid." Based on his prior experience, Officer Cunningham thought the men were under the influence of marijuana.

Deputy Keith Kerrick arrived as Officer Cunningham was arresting Mr. Whitaker. Deputy Kerrick had a drug-sniffing dog with him. Mr. Whitaker and Mr. Hightower consented to a search of the vehicle that belonged to their grandmother. Deputy Kerrick's dog began to search the outside of the vehicle and responded in a manner indicating that it had located drugs. Deputy Kerrick searched the front passenger area of the vehicle and found a plastic bag of marijuana weighing 115.5 grams. Deputy Kerrick found marijuana on the floorboard and a box of sandwich bags in the back seat that, in Officer Cunningham's experience, is used to distribute the marijuana. Deputy Kerrick also smelled a strong odor of marijuana and noticed the three men appeared to him to be under the influence of drugs.

Mr. Powell was tried by jury for possession with intent to distribute marijuana. The trial court denied Mr. Powell's motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. The jury found Mr. Powell guilty

and sentenced him to five years imprisonment. This appeal followed.

## SUFFICIENT EVIDENCE WAS PRESENTED TO CONVICT MR. POWELL OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

As his sole point on appeal, Mr. Powell contends that the trial court erred by denying his motion for judgment of acquittal where no evidence was presented that he possessed the marijuana found in Mr. Whitaker's vehicle. Mr. Powell argues that the trial court's error denied him due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 10 and 18(A) of the Missouri Constitution.

In determining the sufficiency of the evidence, all evidence and inferences reasonably drawn from the evidence are viewed in the light most favorable to the verdict, and contrary evidence and inferences are disregarded. *State v. West*, 939 S.W.2d 399, 401 (Mo.App.1996); *State v. Graham*, 906 S.W.2d 771, 778 (Mo.App.1995). Review of the sufficiency of evidence is limited to determination of whether the evidence was sufficient for reasonable persons to have found the defendant guilty as charged beyond a reasonable doubt. *Id*. Credibility of witnesses and inconsistencies in testimony are for the jury to consider. *Id*.

To sustain a conviction for possession of a controlled substance with or without intent to distribute, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of this substance. *State v. Fuente*, 871 S.W.2d 438, 442 (Mo. banc 1994); *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). The State is not required to show actual, physical possession of the substance to establish possession, but may show constructive possession by circumstantial evidence. *State v. Shinn*, 921 S.W.2d 70, 72 (Mo.App.1996); *State v. Hernandez*, 876 S.W.2d 22, 24 (Mo. App.1994). Constructive possession will suffice to support a conviction when other facts support an inference of defendant's knowl-

edge of the presence of the substance. *Id.* The state must present some incriminating circumstance that implies the accused knew of the presence of the drugs and the same were under his control. *Id.* Joint control over the area where the drugs were found will not preclude a showing of control, so long as further evidence connects the defendant with the illegal substances. *Id.*

In *Shinn*, the defendant was a passenger in a car stopped by the Missouri State Highway Patrol for speeding. *Shinn*, 921 S.W.2d at 72. As the trooper approached the car, he saw the defendant bending forward in the car "as if to hide something." *Id.* The trooper observed that the defendant appeared nervous. *Id.* The trooper obtained the driver's permission to search the car. *Id.* Under the front floor mat of the defendant's car on the passenger side, the trooper found cocaine and drug paraphernalia. *Id.* On appeal, the defendant alleged that insufficient evidence existed to support his conviction for possession of a controlled substance. *Id.* The court disagreed. *Id.* It reasoned that although the defendant did not own the car, he and the driver had been in possession of the car most of the day. *Id.* at 73. Furthermore, the cocaine and drug paraphernalia were found under the floor mat at the defendant's feet, an area where he had superior access, which is an incriminating fact. *Id.* (citing *State v. Hernandez*, 880 S.W.2d 336, 339 (Mo.App. 1994)). The court noted that the defendant was visibly nervous, a condition that supports an inference of awareness of a controlled substance. *Id.* Finally, the defendant's actions in attempting to hide something under the seat implies a consciousness of guilt. *Id.* Based on these factors, the court concluded that the evidence was sufficient to support an inference that the defendant constructively possessed the drugs and drug paraphernalia. *Id.*

Here, as in *Shinn*, sufficient evidence existed to convict Mr. Powell of possession of a controlled substance with intent to distribute. As in *Shinn*, although Mr. Powell did not own the car and was a passenger in the car, he and Mr. Whitaker and Mr. Hightower had been in possession of the car throughout the day. The men informed the arresting officers that they had driven the car from Oklahoma, their home state, to Kansas City. As in *Shinn*, the controlled substance was found under the passenger seat at Mr. Powell's feet, an area that Mr. Powell had superior access. As in *Shinn*, Mr. Powell acted nervous, a condition that supports an awareness of the presence of the marijuana. Additionally, as in *Shinn*, Mr. Powell made efforts to hide the marijuana, which implies consciousness of guilt. Officer Cunningham testified that when he shone his flashlight into the vehicle, he observed Mr. Powell moving his foot on the floorboard back toward the passenger seat. The marijuana was later discovered under the passenger seat, the area Mr. Powell had been observed moving his foot toward, apparently in a motion reasonably interpreted as an effort to move and hide the contraband. Finally, Officer Cunningham smelled the odor of marijuana emitting from the vehicle, and both officers observed that Mr. Powell appeared to be under the influence of marijuana. Mr. Powell's possession of the car, his ready access to the marijuana, his visible nervousness, his attempts to conceal the marijuana, and his use of marijuana preceding the stop establish sufficient evidence to support his conviction just as these actions were found to establish sufficient circumstantial evidence to support an inference of constructive possession in *Shinn*.

Mr. Powell argues, however, that *State v. Bowyer*, 693 S.W.2d 845 (Mo.App.1985), and *State v. Mercado*, 887 S.W.2d 688 (Mo.App. 1994), are controlling. In *Bowyer*, the defendant was stopped by a trooper of the Highway Patrol for excessive speed. *Bowyer*, 693 S.W.2d at 846. The trooper observed marijuana paraphernalia, searched the vehicle and found marijuana cigarettes. *Id.* At trial, the defendant's ex-wife, who was a passenger in the vehicle, testified that the defendant had not been in the vehicle for six months, that the marijuana belonged to her brother, and that the defendant lacked knowledge that marijuana was in the vehicle. *Id.* The court held that insufficient evidence existed to convict the defendant of possession of marijuana. *Id.* at 847. The court reasoned that the mere presence of drug paraphernalia in the vehicle could not be used to impute

knowledge and possession of the marijuana cigarettes to the defendant. *Id.* at 849.

In *Mercado*, the defendant was a passenger in a van stopped by a police officer for following another vehicle too closely. *Mercado*, 887 S.W.2d at 689. The defendant and the driver of the van gave the officer permission to search the van. *Id.* The officer found marijuana taped to the inside of the wall panels of the van. *Id.* at 690. The court held these facts were insufficient to support a conviction for possession of a controlled substance. *Id.* at 691. The court reasoned that the only direct evidence connecting the defendant with the drugs is that he was a passenger in the vehicle and had been assisting the owner in driving the vehicle. *Id.* The court further noted the marijuana was not visible upon entry to the van and there was no discernable odor in the passenger compartment of the van. *Id.*

Analysis of the courts' reasoning in both *Bowyer* and *Mercado* reveal that these two decisions are premised on the lack of evidence connecting the defendants to the drugs found in the vehicles in which they were a passenger. In both cases, the primary evidence connecting the defendants to the drugs was the fact that the defendants were passengers in vehicles stopped by the police for traffic infractions. The drugs were not visible; the police officers could not smell the distinctive odor of marijuana; and no additional facts existed beyond each defendants' presence as passenger in the vehicles to connect the defendant to the contraband found in the vehicles in which each was riding.

Here, in contrast to *Bowyer* and *Mercado*, ample evidence existed to connect Mr. Powell to the marijuana found under the passenger seat of the vehicle. As previously noted, Mr. Powell had been in possession of the car for the entire day; Mr. Powell was nervous; marijuana was visibly present when Officer Cunningham looked into the vehicle; the odor of marijuana was present; Mr. Powell was under the influence of marijuana; and Mr. Powell made attempts to hide the marijuana under his seat. Because ample evidence existed to connect Mr. Powell to the marijuana found in the vehicle, *Bowyer* and *Mercado* are not controlling. Accordingly,

sufficient evidence existed to convict Mr. Powell of possession of a controlled substance with intent to distribute. The trial court, therefore, did not err in overruling his motions for judgment of acquittal. The point is denied.

The judgment of conviction is affirmed.

All concur.