STATE of Missouri, Plaintiff–Respondent,

v.

Donald KERNS, Defendant–Appellant.

No. 24458.

Missouri Court of Appeals, Southern District.

July 22, 2002.

Petition for Rehearing and Transfer Denied
Aug. 30, 2002.

Application for Transfer Denied
Oct. 22, 2002.

Kent Denzel, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Following a jury trial in Greene County, Donald Kerns ("Defendant") was found guilty of possession of more than 35 grams of marijuana, a class C felony under § 195.202, RSMo Supp.1999, and sentenced to three years' imprisonment. Defendant appeals his conviction, contending that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and in entering judgment on the verdict because there was insufficient evidence to establish beyond a reasonable doubt that he knew of or exercised control over the marijuana. We reverse.

On November 29, 1999, officers with the Springfield Police Department executed a search warrant for the residence of Doro-

thy Williams. The police had received previous information regarding drug activity at the house and subsequent surveillance, including investigation of trash and utility account records, as well as Department of Revenue records for the truck parked outside the residence, all indicated that Williams occupied the home.

When the warrant was executed through a knock and wait, Williams answered the door. However, she was not the only one in the home; Defendant was also present. When questioned, Williams informed the officers that there was marijuana in a metal can on the coffee table, which contained 12.26 grams of marijuana, and another bag in a filing cabinet in the bedroom closet, which contained 251.01 grams. Other items, including marijuana pipes, "roaches," and ashes were also found in the bedroom closet.

Corporal Jim McCullogh, a narcotics detective with the Springfield Police Department, questioned Defendant after reading him his Miranda rights. Defendant informed Corporal McCullogh that he lived at the house with Williams, his girlfriend, and that he was aware of the larger bag of marijuana found in the bedroom. Defendant told Corporal McCullogh that he and Williams smoked marijuana, but that he "didn't have anything to do with the sale or purchase of marijuana." Defendant also admitted that he and Williams "had just smoked a joint prior to [the officers'] arrival," which accounted for the smell of marijuana in the home. Corporal McCullogh did not recall finding any personal items belonging to Defendant, such as clothes or mail, but also noted "[t]hat wasn't the focus of my search."

Corporal Gregory Higdon, then a member of the Springfield Police Department SWAT team, also spoke with Defendant at the scene. Although it was not the address listed on his driver's license, Defendant gave Williams' address as his address.

On December 12, 1999, Corporal Kevin Grizzle, also of the Springfield Police Department, was dispatched to the home on another incident during which Williams told him that Defendant, whom Williams described as her ex-boyfriend, had moved out of the house two days prior. Williams also made a statement that she and Defendant had been living at the home "off and on for the past eight months."

On January 11, 2001, Defendant was charged by information of violating § 195.202, RSMo Supp.1999, a class C felony, by "possess[ing] more than 35 grams of marijuana, a controlled substance, knowing of its presence and illegal nature." His jury trial was held in June 2001.

At trial, Williams testified that all of the marijuana found at the residence was hers. During her testimony, Williams also indicated that she pled guilty and had been convicted for possession with attempt to distribute in connection with the November 29, 1999 incident.

She testified that Defendant did not live at the house, but that he was there on November 29, 1999, so that she could provide some medical attention to an injury Defendant received at work. Williams testified that she lived alone in the house, but that Defendant and other of her friends were in and out of the home and might occasionally stay overnight after staying late playing cards or dice. She described their relationship as that of friends and not boyfriend/girlfriend.

Williams claimed that the only personal belongings Defendant kept at her house were ladders and other equipment, which were on, or in, her truck. According to Williams, she and Defendant worked together cleaning houses and painting.

With regard to the incident on December 12, 1999, Williams testified that one of her girlfriends called the police. Williams testified that in statements she made to Corporal Grizzle on that day, she referred to Defendant as a friend and that he had been "in and out" of the home during the past eight or nine months, not that he had lived there for that period of time. Rather than telling Corporal Grizzle that Defendant had moved out of the home two days prior, Williams claimed that her statements to the officer reflected that Defendant had retrieved his belongings, such as ladders and paint equipment, "and had no reason to be coming over there" on that day.

Defendant filed a motion for judgment of acquittal at the close of all the evidence, which the trial court overruled. On June 15, 2001, the jury found Defendant guilty of "possession of more than 35 grams of marijuana," a class C felony. On August 17, 2001, the trial court sentenced him to three years' imprisonment. This appeal followed.

Defendant's sole point on appeal is that the trial court erred in overruling his motion for acquittal at the close of all evidence and in entering judgment on the jury's verdict. Defendant contends that there was insufficient evidence to establish beyond a reasonable doubt that Defendant possessed over 35 grams of marijuana, specifically because there was insufficient evidence to show that he knew of or exercised control over the marijuana at Williams' house.

"In determining the sufficiency of the evidence, all evidence and inferences reasonably drawn from the evidence are viewed in the light most favorable to the verdict, and contrary evidence and inferences are disregarded." *State v. Powell,* 973 S.W.2d 556, 558 (Mo.App.1998). "Review of the sufficiency of evidence is limited to determination of whether the evidence was sufficient for reasonable persons to have found the defendant guilty as charged beyond a reasonable doubt." *Id.* It is for the jury to determine the credibility of witnesses and consider any inconsistencies in their testimony. *Id.*

Possession or control of more than 35 grams of marijuana, a controlled substance, is a class C felony under § 195.202.2, RSMo Supp.1999. To sustain a conviction for possession of a controlled substance, the State must prove that Defendant knowingly and intentionally possessed the proscribed substance. *State v. Nichols,* 20 S.W.3d 594, 597 (Mo.App. 2000). Possession may be either actual or constructive. *Id.* The State must also show that Defendant had knowledge, or was aware, of the presence and nature of the marijuana. *Id.* Possession and knowledge may both be shown through circumstantial evidence. *State v. Booth,* 11 S.W.3d 887, 891 (Mo.App.2000).

Defendant concedes, and the evidence clearly shows, that he had knowledge of the marijuana in the home; thus we need only consider whether he had actual or constructive possession of the marijuana.

A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

§ 195.010(34), RSMo Supp.1999.

Since the marijuana found on the coffee table only consisted of 12.26 grams,

and would therefore not be sufficient for a felony conviction, we will consider whether Defendant had both knowledge and possession of the bag found in the bedroom, which contained 251.01 grams. Since that bag was not within Defendant's "easy reach and convenient control," he did not have actual possession; thus, we will consider whether he had constructive possession. § 195.010(34), RSMo Supp.1999.

Constructive possession may be shown when other facts bolster the inference that Defendant had knowledge of the presence and nature of the marijuana. *State v. Sours*, 946 S.W.2d 747, 752 (Mo. App.1997). To prove constructive possession, there must be evidence, at a minimum, that Defendant had access to and control over the premises where the substance was found. *Id.* If a defendant has exclusive control of the premises where the substance was found, an inference of possession and control is raised. *Nichols*, 20 S.W.3d at 597. In the case at bar, Defendant did not have exclusive control. Rather, at most, he had joint control with Williams. In cases of joint control, it is necessary for the State to provide further evidence that would connect Defendant with the marijuana. *Id.*

We look to the totality of the circumstances to determine whether sufficient additional evidence has been shown. *State v. May*, 71 S.W.3d 177, 184 (Mo.App. 2002). In cases involving joint control, various incriminating circumstances have provided the necessary additional evidence to support a conviction: presence of a large quantity of the substance, *State v. Barber*, 635 S.W.2d 342, 344 (Mo.1982); being in close proximity to the substance or having drug paraphernalia in plain view, *State v. Jackson*, 576 S.W.2d 756, 757 (Mo. App.1979); the substance in plain view and access to the area where found, *State v. Kerfoot*, 675 S.W.2d 658, 662 (Mo.App.

1984); conduct and statements made by the defendant, *State v. Keller*, 870 S.W.2d 255, 259 (Mo.App.1994); a defendant's consciousness of guilt, *State v. Dreiling*, 830 S.W.2d 521, 524–25 (Mo.App.1992); routine access to the premises or commingling of the controlled substance with a defendant's personal belongings, *State v. Steward*, 844 S.W.2d 31, 33 (Mo.App.1992).

In the case at bar, there was no evidence that Defendant's name appeared on any documentation regarding the residence: mortgage, lease, trash account, utility accounts, or any mail. Further, the surveillance conducted prior to the execution of the search warrant only provided information that Williams occupied the residence. No personal items belonging to Defendant, such as clothing or mail, were found during the search; thus, none of his personal items were found commingling with the marijuana found in the bedroom closet. None of the marijuana or drug paraphernalia discovered during the search was in plain view.

Defendant did give officers who participated in the search Williams' address as his address. There was also evidence that Defendant spent a significant amount of time in the residence over a period of eight to nine months prior to the incident. There was also evidence under which the jury may have believed that Defendant and Williams had a boyfriend/girlfriend relationship.

Williams testified that all of the marijuana was hers. She also testified that she had pled guilty and was convicted and sentenced for "possession with attempt to distribute" with respect to the marijuana found during the November 1999 incident. The only statements Defendant made during the search, according to Corporal McCullogh, reflected that Defendant had knowledge of the marijuana found in the bedroom closet and that he and Williams

smoked marijuana, but that he "didn't have anything to do with the sale or purchase of marijuana." Defendant's statements or conduct did not show a consciousness of guilt.

Considering the totality of the circumstances, there was not the additional incriminating evidence necessary to permit the inference that Defendant had possession and control over the marijuana. The evidence was insufficient to show beyond a reasonable doubt that Defendant constructively possessed the marijuana. As the State had the opportunity to fully develop its case, we do not remand for a new trial. *Nichols*, 20 S.W.3d at 598.

The judgment of conviction is reversed and case remanded with instructions that the trial court enter a judgment of acquittal and order Defendant discharged.

RAHMEYER, J., concurs.

SHRUM, J., dissents in separate opinion.

KENNETH W. SHRUM, Judge, dissenting.

Respectfully, I dissent.

In reviewing a challenge to the sufficiency of evidence in a criminal case, appellate review is limited to deciding if there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo.banc 1989). We are to *accept all of the evidence favorable to the state*, including all favorable inferences drawn from the evidence and *disregard all evidence and inferences to the contrary. Id.* at 55[2]. (Emphasis supplied.) "An inference is a logical and reasonable conclusion of a fact not presented by direct evidence but which by the process of logic and reason, a trier of fact may conclude exists from the established

facts." *State v. Hyde*, 682 S.W.2d 103, 106[8] (Mo.App.1984). Although an inference only satisfies a party's burden of producing evidence with regard to a particular fact, a trier of fact may accept existence of the assumed fact. *Id.* at 106[9].

Reviewing this record in the light most favorable to the jury's verdict, it was an established fact that Defendant had lived with Dorothy Williams in her home at 1315 East Florida, Springfield, Missouri, for approximately eight months prior to November 29, 1999. The house was described as "very small" in size. Both Defendant and Williams described themselves as living together as "boyfriend/girlfriend." From the situation thus described, i.e., a live-in "boyfriend/girlfriend" relationship in a "very small house" for eight months, the jury could have *logically and reasonably* concluded that Defendant had routine access to Dorothy Williams' bedroom where the larger cache of marijuana was discovered. Routine access to the area where drugs are discovered is evidence that tends to connect a defendant with controlled substances found in jointly controlled premises. *State v. Buford*, 907 S.W.2d 316, 318 (Mo.App.1995).

Other evidence exists here that has been held to link a defendant to controlled substances seized in a home. First, there was the presence of large amounts of contraband at this house, i.e., 12.26 grams of marijuana on the coffee table in the living room, 251.01 grams of marijuana in a filing cabinet in the bedroom closet, roaches (marijuana cigarette remnants) found next to the larger cache of marijuana, and three marijuana smoking pipes found in the filing cabinet next to the marijuana. *See Buford*, 907 S.W.2d at 318.

Second, Defendant's conduct and statements connected Defendant with the controlled substances. *Id.* at 318[8]. For

instance, as Defendant was being interviewed in the bedroom where the larger marijuana amount was found, he stated that he knew "it was present" and that "he and Ms. Williams were marijuana smokers." He further acknowledged he had been smoking a marijuana joint just before officers entered the house with their search warrant.

Third, the metal can with 12.26 grams of marijuana was on a coffee table, within two feet of where Defendant was sitting, when the officers entered the house. Such close proximity to a controlled substance is another incriminating circumstance tending to show possession of a controlled substance. *State v. May,* 71 S.W.3d 177, 184 (Mo.App.2002); *State v. Steward,* 844 S.W.2d 31, 33–34 (Mo.App.1992); *State v. Hall,* 687 S.W.2d 924, 927 (Mo.App.1985). That is a particularly weighty circumstance when, as here, Defendant admitted he had just finished smoking a joint but had no marijuana on his person.

Fourth, in my view Defendant's consciousness of guilt can be inferred from what Defendant said during the bedroom interview, specifically his statement that "he and Ms. Williams were marijuana smokers but *he didn't have anything to do with the sale or purchase of marijuana.*" (Emphasis supplied.) *See State v. Dreiling,* 830 S.W.2d 521, 524–25 (Mo.App. 1992). From this statement, a jury could logically and reasonably conclude that Defendant was conceding his connection to marijuana, but wanted to assure the officers he was only a user and possessor, not a dealer.

In my opinion, there was sufficient additional incriminating evidence to permit this jury to logically and reasonably conclude that Defendant had possession and control over the marijuana. On this record, I would hold that the jury was presented with sufficient evidence from which they could have found beyond a reasonable doubt that Defendant constructively possessed both caches of marijuana.