Sharon **COOKS, et al.,**
**Plaintiffs–Appellants,**

v.

**NORMANDY SCHOOL DISTRICT,**
**Defendant–Respondent.**

No. 54876.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Susan H. Mello, St. Louis, for plaintiffs-appellants.

Kortenhof & Ely, Ralph V. Hart, St. Louis, for defendant-respondent.

KAROHL, Judge.

We granted leave for a late appeal with the assistance of new counsel. Sharon Cooks and her parents appeal after a judgment for defendant on a verdict in favor of defendant on Sharon Cooks' claim for personal injuries and an amended judgment allowing defendant a set-off in an amount equal to the verdict in favor of Dorothy Cooks and Oliver Cooks, her parents, on their derivative claim for medical expenses. Prior to the amendment, the court had entered judgment in accord with the verdict of the jury in favor of Sharon's parents and against defendant in the sum of $90. The court found defendant had previously paid the medical bill(s) and were entitled to a set-off.

A brief summary of the facts will be sufficient to understand our resolution of the issue presented by plaintiffs. On May 16, 1980, Sharon Cooks was a passenger on defendant's school bus. She was a sophomore at Normandy Senior High School. Customarily, the bus stopped at a certain location to discharge students at school. On that day the bus driver followed the custom. The aisle of the bus was crowded with students, including Sharon Cooks, who were standing in line to leave the bus. After three or four students exited, the bus driver closed the door and moved the bus twenty feet forward. Sharon testified that during the movement forward she lost her balance, fell, struck her arm on a seat and her buttocks hit her feet. She claimed she suffered injuries to these parts of her body and a resulting mental depression. Defendant denied any injuries occurred. Sharon testified the bus driver gave no warning that he was going to pull forward. The

bus driver testified he closed the door to prevent students from continuing to exit and told the students he was going to move forward. He also testified there was no unusual jerking motion, when starting or stopping, there was no accident, as described by Sharon Cooks, and no report was made to him at the time about a fall or injuries. The students left the bus in the usual manner.

Sharon went to class. She began feeling pain shortly thereafter. She was taken by her mother to the emergency room at Barnes Hospital. She thereafter consulted numerous doctors for relief. Her complaints involved continual pain in her legs and buttocks and depression. She also claimed physical disabilities which curtailed her participation in regular school and home activities.

Plaintiffs' sole claim of error on appeal appears in their brief in the following form: THE TRIAL COURT COMMITTED PLAIN ERROR IN SUBMITTING CONFUSING INSTRUCTIONS AND A CONVERSE VERDICT DIRECTOR WHICH ASSUMED THE CONTROVERTED FACT THAT THE BUS DRIVER HAD GIVEN INSTRUCTIONS AND WHERE THERE WAS INSUFICIENT [sic] EVIDENCE FOR PLAINTIFF TO BE NEGLIGENT WHICH AS REFLECTED IN THE FACT THAT THE JURY WROTE IN ZERO AS THE PERCENTAGE OF FAULT FOR BOTH THE DEFENDANT AND THE PLAINTIFF ON THE PLAINTIFF'S CLAIM FOR INJURIES AND "100%" AS THE FAULT OF THE DEFENDANT ON THE CLAIM FOR MEDICAL EXPENSES CONFUSED THE JURY.

We first observe that this point on appeal is, at best, a confusing, complex single sentence. It certainly does not state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous as required by Rule 84.04(d) and *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). It appears to claim plain error in submitting converse instructions to Sharon Cooks' claim, Instruction 9, and her parents' claim, Instruction 13, because: (a)

the instructions are confusing; (b) the instructions assume a controverted fact; and, (c) there was no evidence plaintiff was negligent, hence, it was not proper to submit a comparative fault converse instruction. In support of these three assignments, but not as a separate claim of error, plaintiffs claim inconsistent verdicts tend to prove some or all of these grounds for asserting instructional, plain error.

Instruction 9 was patterned after M.A.I. 37.02 and was submitted as follows:

### Instruction 9

In your verdict, you must assess a percentage of fault to Sharon Cooks if you believe: first, plaintiff Sharon Cooks failed to follow the *instructions of the bus driver*, and second, plaintiff Sharon Cooks was thereby negligent, and third, such negligence of plaintiff Sharon Cooks directly caused or directly contributed to cause any damage plaintiff Sharon Cooks may have sustained. (Emphasis ours)

Instruction 13 was substantially the same to converse parents' derivative claim.

■ A full answer to plaintiff's claim of error lies in the fact that no objection was presented at trial or in plaintiffs' motion for new trial on the grounds claimed in this court. The rule in Missouri is that an objection to an instruction cannot be raised for the first time on appeal. *Executive Jet Management Pilot Service, Inc. v. Scott*, 629 S.W.2d 598, 606–607 (Mo.App.1981). A court is not responsible for an error on an issue which was not presented for a ruling. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982).

■ Nor do we find plain error in these instructions. They did not deprive plaintiffs of a fair trial. Defendant's bus driver testified he issued a warning to the students on the bus when he pulled forward. He closed the door to stop the students from exiting and told them he was going to move. This evidence was sufficient to support a verdict upon a finding instructions were given and the failure of Sharon Cooks to follow those instructions was negligence contributing to cause any damage she may have sustained. Plain error will be found only when the error complained of has en-

gendered hatred, passion or prejudice resulting in manifest injustice or a miscarriage of injustice. *Executive Jet Management Pilot Service Inc.*, at 607. Further, it is significant that the instruction followed the pattern of M.A.I. 37.02 in a case where comparative fault was in issue. Particularly, the instruction does not assume the controverted fact that driver instructions were given nor was the issue, in light of the bus driver's testimony, unsupported. If the jury believed no instructions were given it could not have found Sharon failed to follow instructions.

■ It is true that the jury verdicts appear conflicting. On Sharon Cooks' claim the jury found neither Sharon Cooks nor defendant negligent. It also found Sharon Cooks had no damages. On the parents' derivative claim for medical expenses they found defendant 100% at fault, Sharon Cooks zero percent at fault and determined the parents' damages to be $90. It does not follow, however, that the conflict was the result of improper converse jury instructions. There is no explanation for the apparent conflict. It may be there is no conflict because of the finding of no damages on Sharon's claim and finding of damages on her parents' claim. Instruction 9 informed the jury that in order to award Sharon Cooks damages they had to find that she was injured, but they found that she was not. In awarding Sharon's parents damages, they had to determine fault on the part of defendant school district and calculate the undisputed amount of medical bills. The facial inconsistency may not have been substantial. However, in addition, plaintiffs made no request for correction of the verdict before discharge of the jury. For that reason they waived any complaint of inconsistency. *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231, 233 (Mo.App.1986).

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.