CITY OF ST. CHARLES, Respondent,

v.

HAL–TUC, INC., Appellant.

No. 61390.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1992.

David R. Spitznagel, Kirkwood, for appellant.

Donald L. Kohl, St. Charles, for respondent.

CRIST, Judge.

A jury found Defendant in violation of a City of St. Charles ordinance prohibiting the promotion of obscenity. The jury decided three videotapes sold by Defendant were obscene. We affirm.

Defendant operated its business in the City of St. Charles under the name "Dr. John's Adults Only." On November 13, 1990, a police officer purchased three videotapes at Defendant's business: "Sex Orgies Volume 9," "Swedish Erotica Volume 62," and "Black Erotica, Angel's Little Devils 2." The City issued a summons for Defendant for violation of 20–168.2 of the Revised Ordinances of St. Charles for promoting obscenity. A jury convicted Defendant on September 24, 1991. Since Defendant complains only of instructional error, a more complete statement of facts is not necessary.

Defendant first asserts the verdict-directing instructions were in error because the trial court failed to instruct the jury on the definition of "contemporary community standards" as used in the ordinance. Its complaint came too late. Defendant failed to object to such instructions at trial. In fact, Defendant consented to them. An objection to jury instructions cannot be raised for the first time on appeal. *Cooks v. Normandy School Dist.*, 778 S.W.2d 339, 341[1] (Mo.App.1989). Furthermore, no manifest injustice has resulted to Defendant requiring review for plain error pursuant to Rule 30.20. Point denied.

Finally, Defendant contends the trial court erred in giving MAI–CR3d 312.10 (the hammer instruction). It claims the hammer instruction was in error because the jury had issued an unequivocal written statement to the trial court it could not reach a decision at 6:25 p.m., and the court did not further communicate with the jury before giving the hammer instruction.

■ The length of time a jury is allowed to deliberate and the decision whether to give the hammer instruction is within the discretion of the trial court. *State v. Anderson*, 698 S.W.2d 849, 853[8] (Mo. banc 1985); *State v. El Dorado Management Corp.*, 801 S.W.2d 401, 411[15] (Mo. App.1990). Abuse of that discretion arises only if giving the hammer instruction coerces the jury's verdict. *Anderson*, 698 S.W.2d at 853[8]. To determine whether there has been coercion, we must look to the totality of the circumstances. *State v. McNail*, 767 S.W.2d 84, 86[2] (Mo.App. 1989). Merely because the jury has informed the court that further deliberations would not be helpful in deciding the case does not preclude the hammer instruction. *El Dorado Management Corp.*, 801 S.W.2d at 411[16].

■ Appellate courts examine several factors in deciding whether the trial court coerced a verdict: "the amount of time that the jury deliberates before the hammer instruction is read, the amount of time that elapses between the reading of the hammer instruction and the verdict, whether the trial judge knows numerically how the jury is split and the position of the majority, and whether the giving of the instruction conforms with the Notes in Use." *State v. Starks*, 820 S.W.2d 527, 529[2] (Mo.App. 1991). In this case the jury had deliberated for approximately four hours. It was only 6:25 p.m. when the hammer instruction was given. The jury rendered its verdict at 7:59 p.m., one and a half hours later. There was nothing to indicate the jury believed they would be there until midnight or later and the jury made no complaint to the court. The trial court did not know either the numerical division of the jury or the position of the majority when it gave the instruction. The judge also correctly followed the Notes for MAI–CR3d 312.10.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J. concur.