**STATE of Missouri, Respondent,**

v.

**Emilio C. HERNANDEZ, Appellant.**

No. 64675.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Charles E. Stein, Jr., Hannibal, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his conviction for possession of a controlled substance, in violation of § 195.202, RSMo Supp.1993. We affirm.

On the evening of March 8, 1992, Deputy Sheriff Russ Schaible and Deputy Sheriff Michael Beilsmith overheard a radio transmission about a possible drunk driver southbound on U.S. 61 in a 1983 Chrysler stationwagon. Shortly afterward, Schaible and Beilsmith pulled behind the stationwagon. They were joined by Missouri Highway Patrol Trooper James Wilt. Eventually the stationwagon pulled over onto the highway shoulder. At this time, Trooper Wilt approached the driver, Harvey Rogers. Wilt determined Rogers was intoxicated and arrested Rogers.

Defendant was a passenger in the automobile. While Wilt was talking with Rogers, Schaible and Beilsmith went to the passenger side of the automobile to talk with Defen-

dant. While they were there, Defendant indicated he wanted a cigarette and allegedly began to search his pockets for a lighter. Beilsmith observed Defendant place his hand in his pants pocket, remove it in a fist, and reach toward the center section of the seat. Defendant then thrust his fist between the two seats.

The stationwagon was impounded. An inventory search of the car revealed between the two front seats a vial of white powdery substance, later determined to be cocaine. Defendant was arrested and charged with possession of a controlled substance. After trial on May 3, 1993, a jury convicted him and the trial court sentenced him to seven years' imprisonment.

In Point I of his appeal, Defendant argues the trial court erred in denying his written motion for continuance. On April 21, 1993, approximately two weeks prior to trial, Defendant filed a motion for continuance. In that motion, Defendant alleged he needed time to find a material witness, Harvey Rogers, who had admitted to police the cocaine belonged to him, not Defendant. He contended he was using all means possible to locate Rogers but had so far been unsuccessful.

The motion was heard prior to trial on May 3, 1993. At the hearing, defense counsel stated he had hired a private investigator to find Rogers. The investigator had been successful in locating Rogers in Iowa. A subpoena had been issued for Rogers to appear at trial and the investigator made arrangements to bring him. However, when the investigator arrived to pick him up, Rogers was nowhere to be found. Defendant argued it would not be hard to locate Rogers again and ensure his presence. He further contended a warrant for Rogers's arrest had been issued by the State, but the State averred there could be no extradition on a misdemeanor offense. The trial court denied Defendant's motion for continuance.

The decision regarding whether or not to grant a motion for continuance is within the sound discretion of the trial court and the appellate court will not interfere unless there is a clear showing of abuse of that discretion. *State v. Wade*, 711 S.W.2d 523, 531 (Mo.App.

1986). "A very strong showing is required to prove abuse of that discretion, with the party requesting the continuance bearing the burden of showing prejudice." *State v. Menteer*, 845 S.W.2d 581, 584[6] (Mo.App.1992).

■ Defendant has failed to make a strong showing of abuse of discretion. Even though Rogers had been subpoenaed, Defendant failed to follow the procedures for procuring the presence of an out-of-state witness. Those procedures require a tender "by the treasurer of the county in which the prosecution is pending the sum of ten cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending, and fifteen dollars for each day that he is required to travel and attend as a witness." § 491.420.2, RSMo1986. The trial court may impose sanctions only if these proper procedures are followed. *Id.* Defendant's failure to follow the procedures represents a lack of due diligence to procure Rogers. *See,* Rule 24.10(a); *State v. Bogue*, 788 S.W.2d 772, 775[2] (Mo.App.1990). In addition, no showing has been made of a reasonable probability Rogers would testify. *See,* Rule 24.10(b); *State v. Coats*, 835 S.W.2d 430, 433 (Mo.App.1992). Point denied.

In Point II, Defendant generally disputes the sufficiency of the evidence to convict him of possession of a controlled substance.

In reviewing the sufficiency of the evidence, we apply the following standard of review:

> On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. [Citation omitted.] In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

*State v. Grim*, 854 S.W.2d 403, 405[1] (Mo. banc 1993), *quoting, State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). This standard of review applies whether there is di-

rect evidence or merely circumstantial evidence. *Id.* at 408.

■ To show possession of a controlled substance, the State must prove Defendant knowingly and intentionally possessed the substance and knew its nature. § 195.202, RSMo Supp.1993; § 195.010(33), RSMo Supp.1993; *State v. Steward,* 844 S.W.2d 31, 33[3] (Mo.App.1992). The State is not required to show actual, physical possession of the substance to establish possession, but may show constructive possession by circumstantial evidence. *State v. Johnson,* 811 S.W.2d 411, 413[3] (Mo.App.1991).

■ However, constructive possession will suffice only "if other facts buttress an inference of defendant's knowledge and presence of the substance." *State v. Merrill,* 846 S.W.2d 225, 229[7] (Mo.App.1993). These other facts are, at a minimum, evidence Defendant had access to and control over the premises where the substance was found. *State v. Purlee,* 839 S.W.2d 584, 588[5] (Mo. banc 1992). Joint control over the premises will not preclude a showing of control, so long as further evidence connects Defendant with the illegal substance. *Id.* at 588[7].

Additional evidence was presented connecting Defendant with the cocaine. First and foremost, Deputy Beilsmith testified Defendant placed his hand in his pants pocket, removed it in a fist, and reached toward the center section of the seat, thrusting his fist between the two seats. Beilsmith was suspicious of this action and immediately checked between the two seats during the inventory search. The search revealed a small vial of cocaine between the two seats.

Second, Beilsmith testified Defendant acted nervously. He was fidgeting, making sudden jerks and movements. He further stated Defendant was acting so suspiciously, Beilsmith felt compelled to draw his weapon. This extreme nervousness is probative of Defendant's awareness of the cocaine. *See, Merrill,* 846 S.W.2d at 229 (evidence of defendant's conduct and mannerisms independent factor showing knowledge); *State v. Love,* 831 S.W.2d 631, 634 (Mo.App.1992) (nervousness indicated knowledge of contents of bag). Point denied.

In Point III, Defendant contends the trial court erred in issuing the hammer instruction, MAI–CR3d 312.10, to the jury. After the evidence was presented, the jury retired to deliberate at 3:41 p.m. At 5:25 p.m., the jury sent a note to the court stating, "We cannot come to a decision." The jury returned to the court and informed the judge the numerical split was "11–1." At this time, the judge read the hammer instruction to the jury and they again retired at 5:26 p.m. At 6:45 p.m., the jury returned with a verdict of guilty.

The hammer instruction states:

You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he [or she] is convinced of the defendant's guilt beyond a reasonable doubt.

MAI–CR3d 312.10.

■ The decision to give the hammer instruction is within the trial court's discretion; abuse of that discretion occurs only if the hammer instruction coerced the jury's verdict. *City of St. Charles v. Hal–Tuc, Inc.,* 841 S.W.2d 781, 782[2, 3] (Mo.App.1992). Defendant argues the judge improperly coerced a verdict of guilty when he gave the hammer instruction after being informed of the numerical division of the jury's vote. Defendant relies primarily upon cases such as *State v. Johnson,* 610 S.W.2d 101 (Mo.App. 1980). However, in *Johnson* and cases like it, the court clearly relied upon the fact the judge knew not only the numerical split, but also how the jurors stood on the issue of guilt or innocence. *Id.* at 103; *See also, State v. Holt,* 592 S.W.2d 759, 771[17] (Mo. banc 1980) (mistrial declared when foreperson informed court the jury was divided 9–3 against defendant); *State v. Sanders,* 552

S.W.2d 39, 40–41[2] (Mo.App.1977) (jury sent note they were divided nine for guilt and three for not guilty). The court in *Johnson* clearly stated:

> If, on the other hand, the jury announces or the trial judge otherwise learns that the jury is deadlocked and the vote is made known *but the vote does not disclose how the jurors stand on the issue of guilt or innocence* . . . then requirement for further deliberation or the giving of . . . the so-called "hammer instruction", shall not constitute prejudicial error. . . .

*Id.* at 104[2] (emphasis added); *See also, State v. Parson,* 815 S.W.2d 106, 107 (Mo. App.1991) (hammer instruction correct where court not informed of whether numerical split favored conviction); *State v. Gott,* 784 S.W.2d 338, 341[2] (Mo.App.1990) (no coercion where judge only knew numerical split was "11 to 1"). We find no coercion in the giving of the hammer instruction. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.