**STATE of Missouri, Respondent,**

v.

**Charles SHINN, Appellant.**

**No. 68299.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

Application to Transfer Denied
May 28, 1996.

Gerald L. Birnbaum, O'Fallon, Lester W. Duggan, Jr., St. Charles, for appellant.

Schwartz & Ochs, Clifford Schwartz, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Charles Shinn was jury tried and convicted of possession of a controlled substance and possession of drug paraphernalia in violation of §§ 195.202 and 195.233 RSMo 1994. Defendant was fined $1,000 for possession of a controlled substance and $500 for possessing drug paraphernalia. Defendant contends there was not sufficient evidence to sustain the convictions. We affirm.

On June 29, 1994, a state trooper with the Missouri State Highway Patrol stopped a 1993 Infiniti for speeding. Defendant was a passenger in the car. It belonged to a person defendant identified as his girlfriend. He said he had borrowed the car to drive from Belleville, Illinois to Jefferson City, Missouri.

As the trooper approached the car, he observed Mark Shamalian, the driver of the car, and defendant bending forward in the car "as if to hide something." The trooper asked Shamalian to accompany him to the patrol car. Shamalian complied. Defendant remained in the 1993 Infiniti. It was parked in front of the patrol car. While the trooper was questioning Shamalian in the patrol car, he noticed defendant again bend forward in his seat as if to "put something under the seat or do something" and "it was hard to see him."

The trooper, suspected "there was a little something in [the car] that shouldn't have been." He obtained Shamalian's consent to search the car. The trooper then approached defendant and asked if there was anything illegal in the car. Defendant appeared nervous. His answer was not responsive to the trooper's question. Instead, defendant volunteered the car was not his but belonged to a girlfriend. The trooper asked defendant if he could search the car and defendant consented. Under the front floor mat on the passenger side of the car, a vial with an attachment to it which appeared to be like a nasal inhaler or spray-type thing (cocaine pipe) was found. The vial contained a white powdery substance which was later identified as cocaine.

In his sole point on appeal, defendant contends the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support the conviction. In reviewing defendant's conviction, this court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). In reviewing a challenge to the sufficiency of the evidence, we do not weigh the evidence but determine only whether there was evidence from which reasonable persons could have found defendant guilty. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

To prove possession of a controlled substance, the state must prove defendant knowingly and intentionally possessed the substance and knew its nature. *State v. Fuente*, 871 S.W.2d 438, 442 (Mo. banc 1994). The state is not required to show actual, physical possession of the substance to establish possession, but may show constructive possession by circumstantial evidence. *State v. Hernandez*, 876 S.W.2d 22, 24 (Mo.App. E.D.1994). Constructive possession will suffice to support a conviction when other facts support an inference of defendant's knowledge of the presence of the substance. *Id.* The state must present some incriminating circumstance that implies the accused knew of the presence of the drugs and the same were under his control. *Id.* Joint control over the area where the drugs were found will not preclude a showing of control, so long as further evidence connects defendant with the illegal substances. *Id.*

We find the state presented sufficient evidence from which reasonable jurors could

find defendant knowingly possessed cocaine and a cocaine pipe. Although defendant did not own the car, he and Shamalian had been in possession of the car for most of the day. Defendant and Shamalian had traveled from Belleville, Illinois to Jefferson City, Missouri and then from Jefferson City to Warren County, Missouri. The cocaine and attached cocaine pipe were found under the floor mat at defendant's feet, an area where he had superior access to anyone else at the time of the stop. Such access to an area where the cocaine and cocaine pipe were found is an incriminating fact which is not destroyed by the fact others also had access. *State v. Hernandez*, 880 S.W.2d 336, 339 (Mo.App. S.D.1994).

■ Defendant was visibly nervous, a condition which supported an inference of his awareness of the controlled substance. *State v. Hernandez*, 876 S.W.2d at 24. Although visible nervousness alone is not sufficient evidence from which reasonable jurors could find a defendant guilty, it is one incriminating fact which will support a conviction if consistent with the totality of the circumstances. *State v. Mishler*, 908 S.W.2d 888 (Mo.App.S.D.1995).

■ The trooper also testified, without objection, that when he approached the car, he observed defendant and the driver bend over "as if to hide something." Defendant repeated the movement in the area where cocaine was found when the trooper was questioning Shamalian in the patrol car. An act resembling an effort to conceal constitutes evidence reasonably implying consciousness of guilt. *Id.*

■ Defendant testified. He denied any knowledge the cocaine and cocaine pipe were in the car. He explained his movements in bending over in the car by saying he was attempting to hide Shamalian's radar detector. This testimony did no more than create a fact dispute. Credibility and weight of testimony are for the jury to determine. A jury may believe all, some or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case. *State v. McNeal*, 880 S.W.2d 325, 330 (Mo.App.E.D.1994). The jury is entitled to accept the state's evidence as true, and to make reasonable inferences based on that evidence.

Defendant contends this case is controlled by *State v. Bowyer*, 693 S.W.2d 845 (Mo.App. 1985). The Western District of this court found the evidence against Bowyer was insufficient to prove possession of marijuana when he drove a car at the request of his wife, the owner and passenger. *Bowyer*, 693 S.W.2d at 850. An officer stopped Bowyer for speeding. *Id.* at 846. Wife testified and explained it was her car. *Id.* She and her husband were separated. *Id.* She had confiscated the marijuana from her brother and put it in her car. *Id.* She was aware of the marijuana; her husband was not. *Id.* at 849. Her husband never had possession of it. *Id.* Bowyer made some incriminating statements but confirmed his wife's statement the marijuana belonged to her brother. *Id.* at 849–850. In *Bowyer*, the court viewed a joint control case where: (1) routine access; (2) quantity; (3) admissions; and, (4) the "variety of incidents described in cases cited in *State v. Rivers*, 554 S.W.2d 548 (Mo.App. 1977, n. 2)" were the circumstances which suffice to prove conscious possession. *Id.* at 847. The facts in *Bowyer* were properly analyzed as a joint possession case. This is not a joint possession case. *Bowyer* is instructive but not decisive where the evidence would not prove control by anyone but defendant. We hold there was sufficient circumstantial evidence to support an inference defendant constructively possessed the drugs and drug paraphernalia. Point denied.

The judgment is affirmed.

REINHARD, P.J., and GRIMM, J., concur.