**STATE of Missouri, Respondent,**

v.

**Eugene SMITH, Appellant.**

**No. ED 75106.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 16, 2000.

unless otherwise indicated.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

On August 26, 1998 Appellant Eugene Smith was charged by information as a prior and persistent offender with possession or control of a controlled substance, section 195.202 RSMo 1994.[1] On August 27, 1998, the appellant was tried before a

jury and found guilty of possession of a controlled substance in the Circuit Court of St. Francois County. On September 25, 1998, appellant was sentenced to fifteen years imprisonment as a prior and persistent offender.

*Facts*

Viewed in the light most favorable to the verdict, the evidence presented at trial adduced the following: On June 11, 1997, Bonne Terre police officer Brian Williams was patrolling near the intersection of Dover and Cherry Streets. A silver Cadillac ran a stop sign and nearly struck the patrol vehicle. Officer Williams pursued the Cadillac and stopped it in front of an apartment complex. While the passenger, Mr. Smith, remained in the vehicle, the driver left the car and walked away.

Officer Williams briefly followed the driver behind the apartment building, then returned to the Cadillac. At that point, Mr. Smith left the car and began to walk away. Officer Williams told Mr. Smith that he needed to talk to him, but Mr. Smith walked out of sight. Officer Williams returned to his patrol vehicle and requested backup. When that arrived, he resumed his search for the driver and Mr. Smith. Unable to locate the driver, he found Mr. Smith hiding in some nearby woods. Officer Williams told Mr. Smith to stand and show his hands. Mr. Smith stood but did not show his hands. Officer Williams noticed something in Mr. Smith's hand, which was later determined to be a baseball cap, and drew his revolver. Officer Williams then placed Mr. Smith into custody and secured him in his patrol car.

When Officer Williams continued to search for the driver, Officer Doug Calvert advised Officer Williams that he should return to the Cadillac. He did so, and Officer Calvert showed him a brown paper bag in the middle of the floorboard of the front seat. The bag contained three "bricks" of what appeared to be marijuana

1. All statutory references are to RSMo 1994    unless otherwise noted.

and a set of scales. On further search of the car, the officers discovered several syringes, a razor blade and what appeared to be a marijuana cigarette in the front ashtray, a pipe used to smoke marijuana in the glove compartment, a wooden bat on the backseat floorboard, and a kitchen knife under the driver's seat.

After the officers completed the search of the Cadillac, Officer Williams drove Mr. Smith to the police department to be booked. Mr. Smith gave his name as Paul E. Jones. After booking Mr. Smith, Officer Williams searched Mr. Smith and found a pocket knife. The knife had a green leafy substance believed to be marijuana trapped in the sheath, or the section where the blade folded into the handle. After several days, the officers learned that the defendant's real name was Eugene Smith.

After the jury entered the guilty verdict, Mr. Smith submitted a motion for acquittal or in the alternative for new trial, which the trial court overruled. Sentence was imposed, and this appeal followed.

*Analysis*

Mr. Smith appeals from the trial court's overruling of his motion for judgment of acquittal, from the trial court's failure to hear the pre-trial motion to suppress Mr. Smith's pocket knife, the admission of the knife into evidence, and from the trial court's allowance of the prosecution's argument.

## I. Sufficiency of the Evidence

Mr. Smith contends that the trial court should have sustained his motion for judgment of acquittal because the prosecution failed to present sufficient evidence to show that Mr. Smith was in possession of the marijuana. The Cadillac was apparently owned by the driver, Terry Sensabaugh, and the marijuana was found in the middle of the front floorboard, within reach of both Mr. Sensabaugh and Mr. Smith. Consequently, Mr. Smith argues, the prosecution was required to show addi-

tional evidence to connect Mr. Smith with the marijuana and failed to do so.

In reviewing whether the evidence is sufficient to support a criminal conviction, an appellate court in Missouri accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *State v. Chaney,* 967 S.W.2d 47, 52 (Mo.banc 1998). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Section 195.202 provides that "it is unlawful for any person to possess or have under his control a controlled substance." Possession is described according to the following:

A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it.

Section 195.010.33. To prove possession of a controlled substance, the state must prove defendant knowingly and intentionally possessed the substance and knew its nature. *State v. Fuente,* 871 S.W.2d 438, 442 (Mo.banc 1994). The state is not required to show actual, physical possession of the substance to establish possession, but may also show constructive possession by circumstantial evidence. *State v. Shinn,* 921 S.W.2d 70, 72 (Mo.App. E.D. 1996) (quoting *State v. Hernandez,* 876 S.W.2d 22, 24 (Mo.App. E.D.1994)). Constructive possession is adequate to support a conviction when other facts support an inference of defendant's knowledge of the presence of the substance. *Id.* The state

must present some incriminating circumstance that implies the accused knew of the presence of the drugs and the same were under his control. *Id.* Joint control over the area where the drugs were found will not preclude a showing of control, so long as further evidence connects defendant with the illegal substances. *Id.*

In this case, the prosecution presented evidence sufficient for a reasonable trier of fact to find the defendant guilty of possessing marijuana. There is no dispute that Mr. Smith knew the contents of the bag. All that remains is to determine whether the prosecution presented enough evidence to show that the drugs were under his control.

■ The prosecution met this burden. First, the police found the pocket knife on the defendant's person with marijuana leaves trapped in the folding portion of the knife. In an interview with a police detective, Mr. Smith admitted that he lent the knife to Mr. Sensabaugh in order to cut one of the bricks of marijuana, which Mr. Sensabaugh did in Mr. Smith's presence. A reasonable jury could find that lending the knife exercised enough control of the marijuana for Mr. Smith to possess the substance. Moreover, under our standard of review, we must accept as true all evidence and inferences favorable to the state and disregard all evidence and inferences to the contrary. *State v. Chaney,* 967 S.W.2d at 52. Therefore, we must accept Mr. Smith's statement that his knife was used to cut the marijuana and disregard his statement that Mr. Sensabaugh cut the drugs. Under that analysis, a reasonable jury could even conclude that Mr. Smith cut the bricks himself, thereby controlling the substance more directly.

Second, the prosecution presented evidence that the bag containing the marijuana was slightly closer to Mr. Smith than Mr. Sensabaugh. The position of the marijuana and the fact that Mr. Sensabaugh was driving the vehicle are a sufficient basis on which a reasonable jury could find that Mr. Smith had access superior to Mr. Sensabaugh at the time the Cadillac was pulled over. Such access to the marijuana is an incriminating fact which is not destroyed by the fact that others also had access. *State v. Shinn,* 921 S.W.2d at 73.

■ Third, Mr. Smith fled the Cadillac, despite the police officer's request not to do so, looking over his shoulder at the officer as he walked away. He then proceeded to hide in the woods behind some brush while the officer looked for him. A defendant's flight is admissible as tending to demonstrate a consciousness of guilt. *State v. Davis,* 982 S.W.2d 739, 743 (Mo. App. E.D.1998).

■ Finally, when the police brought Mr. Smith in for booking, he initially gave them a false name. False statements to police can give rise to an inference of guilty behavior. *State v. Allen,* 817 S.W.2d 526, 528 (Mo.App. E.D.1991). In *Allen,* as in the present case, the defendant appealed a conviction of possession of a controlled substance, claiming the evidence was insufficient to support a guilty verdict. Also, as in the present case, the defendant initially gave a false name to the police. Mr. Smith's offer of a false name at the time of his arrest is another occurrence sufficient to create an inference of guilty knowledge. Point denied.

II. The Lack of a Pre–Trial Hearing on the Motion to Suppress

Mr. Smith contends that the trial court plainly erred in not conducting a separate evidentiary hearing prior to trial on Mr. Smith's motion to suppress the pocket knife. The state concedes that the trial court erred in refusing to hold a hearing before trial and in taking up the motion with the case. Because the alleged error was not preserved for review, this concession is inappropriate. Mr. Smith's did not raise this issue either when he made the motion to suppress or in his motion for new trial.

At the pre-trial hearing on the day of trial, Mr. Smith's attorney (Mr. Gabel) moved to suppress the pocket knife:

MR. GABEL: Your Honor, I really need to start this with a Motion to Suppress that I need to take with today.

THE COURT: Did you notice this up, get this ruled on in advance of trial?

MR. GABEL: No, Your Honor, I did not.

THE COURT: You know those are the rules. You're supposed to get these filed and noticed up and ruled on before the date of trial, Motion to Suppress Evidence.

MR. GABEL: I understand, Your Honor.

THE COURT: Why didn't you do this?

MR. GABEL: When I was going through everything I just came across something I wanted to try to pursue. The original arrest was done because my client left the scene of a traffic stop. And the way I read the law, leaving, you know, you have a free right to leave any scene.

PROSECUTOR: Unless you're ordered by the police to stop you don't. Your Honor, I would object to taking this motion today. I think that the defense has waived any objection to the pocketknife.

THE COURT: The only thing I can do to accommodate you is, as I think you know, is I'll have to take your Motion to Suppress up with the case.

MR. GABEL: That's fine, Your Honor.

THE COURT: I'll have to take it along with the evidence.

MR. GABEL: I understand completely.

■ Mr. Smith's attorney failed to properly place the question before the trial court. "In order for a reviewing court to rule on an alleged defect at the trial, the objecting party must bring the defect to the court's attention so that the court has the opportunity to take remedial action."

*State v. Brown*, 953 S.W.2d 133, 139 (Mo. App. W.D.1997). A trial court cannot be faulted for not taking action it was never asked to take. *Id.*

■ Mr. Smith's attorney only states that he has a motion to suppress that he needed "to take with today." He does not request that it be heard before trial. When the trial court informs the attorney that he will take up the motion with the case, the attorney replies, "[t]hat's fine, Your Honor... I understand completely." At no point does the defense attorney object to taking the motion up with the case. Moreover, he never argues that the trial court should hold an evidentiary hearing on the motion to suppress prior to trial. The trial court must be given an opportunity to solve the problem before it can be accused of error.

■ Furthermore, Mr. Smith also failed to raise this theory in his motion for new trial and in his motion for judgment of acquittal. Once again, he did not preserve the issue for review. Rule 29.11(b); *State v. Pembleton*, 978 S.W.2d 352, 354 (Mo. App. E.D.1998). Consequently, we can only review for plain error, and we can reverse the trial court only if its ruling results in a miscarriage of justice or a manifest injustice. Rule 30.20; *Pembleton*, 978 S.W.2d at 354.

■ There is no manifest injustice or miscarriage of justice here. Mr. Smith does not argue that there was any evidence or testimony that could have been presented at a pre-trial hearing that could not have been presented at trial. Mr. Smith contends that he was prejudiced because "the trial court did not take the necessary time to make an informed decision." This argument is without merit. Mr. Smith's attorney objected to the admission of the knife and argued against admission at the bench outside the presence of the jury. Mr. Smith's attorney had the opportunity once again to inform the judge outside the presence of the jury of any reason why the knife should not be

admitted. He argued only that he didn't believe "the arrest from which this search derived was a legal and lawful arrest; therefore, the search wasn't legal. And the fruits of that search should be suppressed." The trial court heard what Mr. Smith had to argue, considered it, and overruled it.

The state, in its concession, relies on *State v. Brown*, 755 S.W.2d 749 (Mo.App. E.D.1988) for the proposition that a trial judge cannot take a motion to suppress up with the case. *Brown* is completely inapplicable to the facts of this case. In *Brown*, as here, the defendant filed a motion on the day of trial, but before trial. The trial court denied the motion, saying that it was untimely. *Id.* at 751. The trial court in this case did not deny the motion prior to trial; on the contrary, he heard the motion during trial. *Brown* stands for the proposition that a motion to suppress filed on the day of trial but before trial is timely, but it does not hold that trial courts must hear these motions before trial. Point denied.

### III. Admission of the Pocket Knife Into Evidence

■ Mr. Smith contends that Officer Williams had no probable cause to arrest Mr. Smith. He further contends that the pocket knife, taken after Mr. Smith was arrested, is a fruit of the poisonous tree and should be suppressed. The trial court has broad discretion on whether to admit evidence at trial. Error will only be found if the trial court abuses this discretion. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). No abuse of discretion occurred here.

■ "While flight alone does not establish probable cause, it can supply the key ingredient justifying the decision by a law enforcement officer to take action." *State v. Johnson*, 670 S.W.2d 882, 885 (Mo.App. 1984). Furthermore, a defendant's flight can show a consciousness of guilt. *Davis*, 982 S.W.2d at 743. Mr. Smith's flight from the Cadillac justifies Officer

Williams's decision to pursue him. When he caught up to Mr. Smith, Mr. Smith was hiding in the woods. When Officer Williams told him to put his hands up and walk towards him, Mr. Smith walked towards him; however, he did not raise his hands and was holding something that Officer Williams could not identify.

■ Mr. Smith's arrest was not based solely on his flight from the police. Mr. Smith first fled, then hid in the woods, then initially failed to raise his hands when told to do so by Officer Williams. Contrary to Mr. Smith's claim, the circumstances certainly posed security concerns. The officers could not have adequately and safely searched the Cadillac with both the passenger and possibly the driver hiding in the woods. The trial court did not abuse its discretion in admitting the knife into evidence. The knife was the product of a legal arrest and therefore properly admitted into evidence. Point denied.

### IV. Closing Argument Error

Mr. Smith's final point asserts closing argument error. Mr. Smith contends that the trial court erred in allowing the state to argue that it had proved possession of the marijuana because this argument misstated the law in that it induced the jury to disregard the requirement that Mr. Smith intentionally possessed the marijuana and intended to exercise dominion and control over it. We do not agree.

In closing argument, the state reminded the jury that the marijuana on the floorboard was within Mr. Smith's easy reach and convenient control. Mr. Smith's counsel objected at this time that intent must also be proven. The trial court overruled this objection because the prosecution was not yet finished. The prosecution continued, arguing that Mr. Smith exercised control over the marijuana when his knife was used to cut one of the bricks and when Mr. Sensabaugh left him alone in the car with the marijuana. Mr. Smith's counsel did not object at that time.

Mr. Smith concedes that because of his counsel's failure to object, the issue is not preserved for appellate review. However, he seeks plain error review on the grounds of manifest injustice and clear miscarriage of justice.

■ We decline to exercise plain error review in this case. "Appellate review of assertions of plain error in a prosecution's closing argument pressures trial courts into the situation of 'uninvited interference with summation and a corresponding increase in the risk of error by such intervention.'" *State v. Morrow*, 968 S.W.2d 100, 118 (Mo.banc 1998) (*quoting State v. Wise*, 879 S.W.2d 494, 516 (Mo.banc 1994)). Mr. Smith's counsel had earlier stated his objection; all that remained was for him to renew the objection at the proper time. As no manifest injustice has occurred, the point is denied.

The judgment is affirmed.

GARY M. GAERTNER, P.J., concurs.

PAUL J. SIMON, J., concurs.