**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Steven D. CLARK,**
**Defendant/Appellant.**

**No. ED 104303**

Missouri Court of Appeals,
Eastern District,
Division Two.

Filed: August 15, 2017

Ellen H. Flottman, Missouri Public Defender's Office, Columbia, MO, for appellant.

Richard A. Starnes, Jefferson City, MO, for respondent.

## OPINION

Philip M. Hess, Judge

Steven D. Clark was found guilty by a jury in the circuit court of Cape Girardeau County of unlawful possession of a firearm and possession of a controlled substance arising out of information received by police from a confidential informant that a weapon was inside a vehicle parked at a pawn shop. Clark, a prior felony offender, was sentenced to concurrent terms of seven years' imprisonment on each count. Clark appeals, asserting three points of error: (1) that the trial court plainly erred in denying his motion to declare the unlawful possession of a firearm statute amended by House Bill 2034 in 2008 unconstitutional; (2) that the trial court erred by overruling his motion for judgment of acquittal because the evidence was insufficient to prove either that he knew about the drugs or that he exercised control over them; and (3) that the trial court abused its discretion by overruling his motion to compel the disclosure of the confidential informant's identity. We affirm.

### Factual and Procedural Background

On June 17, 2015, a detective with the drug task force received information from a confidential informant that a weapon was inside a Dodge Intrepid parked at a pawn shop. The detective, who was in an unmarked vehicle and wearing street clothes, went to the pawn shop and witnessed Clark get into the passenger side backseat of the Intrepid. The Intrepid left the pawn shop and the detective alerted officers of its location so it could be stopped by a marked police cruiser.

A marked police cruiser followed the Intrepid and it sped up. The police officer activated the cruiser's lights and the Intrepid turned into an alley. The cruiser followed and when the officer entered the alley he saw the rear passenger door was open and then witnessed it pulled closed near a telephone pole about halfway down the alley. About 100 feet from where the door closed the Intrepid stopped and the officer ordered the three occupants out of the vehicle. Clark was the sole occupant in the back of the vehicle.

Once the occupants were secured, the police searched the Intrepid. A bag of

methamphetamine was in plain view on the floorboard below the passenger side back-seat where Clark had been sitting. Two bags of methamphetamine were also in the center console of the Intrepid. The police also went to where the rear passenger door had closed and found a backpack next to the telephone pole. Inside the backpack was a firearm, cell phone, and a pipe commonly used in smoking methamphetamine with drug residue on it.

Clark was interviewed by police. Clark denied that the firearm in the backpack was his but admitted that his DNA would be on it because he had possessed it previously. Clark admitted that the cell phone in the backpack was his.

Clark was charged with unlawful possession of a firearm and possession of a controlled substance. Clark was tried by a jury and found guilty of both charges. Clark moved for a judgment of acquittal and for a new trial. Clark did not raise his constitutional argument in his post-trial motions which were both denied. This appeal follows.

In this appeal, Clark has moved to transfer to the Missouri Supreme Court, arguing that because he challenges the constitutionality of a statute, a matter reserved for the exclusive jurisdiction of the Missouri Supreme Court, we should transfer this case. We took Clark's motion to transfer with the case and deny it for the reasons stated below.

### Standard of Review

On direct appeal, we review for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Marrow*, 968 S.W.2d 100, 106 (Mo. banc 1998). We review the facts in the light most favorable to the verdict. *Id.* Issues not properly preserved for appeal may be considered only if the court finds that manifest injustice or a miscarriage of justice has resulted therefrom. *Id.*

### I. Constitutionality of Section 571.070 Enacted by House Bill 2034

In point I, Clark contends that the trial court plainly erred in denying his motion to declare the version of § 571.070[1] amended by House Bill 2034 unconstitutional because it was enacted in violation of Article III, Section 21 of the Missouri Constitution which prohibits a bill from being amended in its passage from its original purpose, and Article III, Section's 23 prohibition on a bill containing more than one subject. Clark concedes this claim was not properly preserved because he did not raise it in his motion for a new trial and requests plain error review. This point is denied.

Plain error lies where we find that manifest injustice or a miscarriage of justice has resulted from trial court error. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). Generally, however, we may review for plain error only where the appellant asserting error establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear, and that manifest injustice or a miscarriage of justice has resulted. *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014).

Under Article V, Section 3 of the Missouri Constitution, the Missouri Supreme Court has exclusive appellate jurisdiction in all cases involving the validity of a statute of this state. To preserve a constitutional question for review on appeal, it must be preserved in the motion for a new trial. *State v. Cella*, 32 S.W.3d 114, 117 (Mo. banc 2000). If a constitutional claim is merely colorable, not real and substantial, however, this court may review it. *State v.*

1. RSMo Supp. 2009.

*Whipple*, 501 S.W.3d 507, 521 (Mo. App. E.D. 2016) (citing *Dubinsky v. St. Louis Blues Hockey Club*, 229 S.W.3d 126, 131 (Mo. App. E.D. 2007)). A claim is merely colorable if a preliminary inquiry reveals that the claim is so legally and factually insubstantial that is it plainly without merit. *Whipple*, 501 S.W.3d at 521 (citing *Dubinsky*, 229 S.W.3d at 126).

We would be justified in declining plain error review, *see Cella*, 32 S.W.3d at 117 (declining plain error review on argument that statute violated Article III, Section 23's one subject requirement when the argument was not raised in the motion for a new trial), but in exercising our discretion, our preliminary inquiry reveals that Clark's claim is plainly without merit. *Whipple*, 501 S.W.3d at 521. Clark's challenge to House Bill 2034, enacted in 2008, is moot. That bill was repealed in 2010 by the enactment of House Bill 1692 [2] which replaced § 571.070,[3] effective from August 28, 2008, to August 27, 2010, with a new version of § 571.070,[4] which became effective August 28, 2010. Clark was charged in 2015 with the version of § 571.070 [5] which became effective August 28, 2010. Thus, Clark's claim regarding House Bill 2034 is moot. *See C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 325 (Mo. banc 2000) (holding that once the general assembly repealed a prior version of a statute, no relief could be granted regarding the validity of the repealed statute); *Humane Soc'y of U.S. v. State*, 405 S.W.3d 532, 538-39 (Mo. banc 2013) (holding that the repeal and reenactment of a statute renders moot any decision on whether the original bill was properly enacted). Accordingly, Clark's motion to transfer and point I are denied.

## II. Sufficiency of the Evidence of Clark's Possession of the Methamphetamine

In point II, Clark contends that the trial court erred by denying his motion for judgment of acquittal at the close of the evidence because the State failed to prove beyond a reasonable doubt that either Clark knew about the drugs on the floorboard of the car or that he exercised control over them. We disagree.

We review a challenge to the sufficiency of the evidence only to determine whether the State introduced sufficient evidence for a reasonable juror to have found that each element of the offense was established beyond a reasonable doubt. *State v. Bateman*, 318 S.W.3d 681, 686-87 (Mo. banc 2010). This is not an assessment of whether the court believes that the evidence established guilt beyond a reasonable doubt but a question of whether, given the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). All evidence favorable to the State and reasonable inferences drawn therefrom are accepted as true, and all evidence and inferences to the contrary are disregarded. *Id.* Great deference is allotted to the trier of fact and we will not reweigh the evidence. *Id.*

Section 195.202 [6] prohibits a person from possessing or having under his control a controlled substance. The State must prove: (1) conscious and intentional possession of the controlled substance, either actual or constructive, and (2) awareness of

---

**2.** We refer generally to House Bill 1692 to include House Bills 1692, 1209, 1405, 1499, 1535, and 1811, which were all enacted together.

**3.** RSMo Supp. 2009.

**4.** RSMo Supp. 2016.

**5.** RSMo Supp. 2016.

**6.** RSMo Supp. 2016.

the presence and nature of the substance. *State v. Power*, 281 S.W.3d 843, 848 (Mo. App. E.D. 2009). A person has actual possession if he has the substance on his person, or within his easy reach and convenient control. *State v. Moore*, 352 S.W.3d 392, 400 (Mo. App. E.D. 2011). Access to an area where drugs are found is an incriminating fact not destroyed by the fact that others also had access. *State v. Shinn*, 921 S.W.2d 70, 73 (Mo. App. E.D. 1996). The visibility of a drug supports an inference that a defendant knew of its presence and nature. *Moore*, 352 S.W.3d at 400. If actual possession is not present, the State must not only prove constructive possession but also show other facts that support an inference of possession. *State v. Morris*, 41 S.W.3d 494, 497 (Mo. App. E.D. 2000). Constructive possession requires, at a minimum, evidence that defendant had access to and control over the premises where the drugs were found. *Id.* The totality of the circumstances is considered in determining whether sufficient additional circumstances have been proved. *Id.*

Here, the State introduced sufficient evidence for a reasonable juror to have found that Clark knew about the drugs on the floorboard of the car and that he exercised control over them. While Clark argues he was not the owner of the car and that the owner of the vehicle had drugs and contraband on his person when he was arrested, this does not negate the bag of methamphetamine in plain view on the floorboard where Clark was sitting, an area he had superior access to than anyone else at the time of the stop. See *Shinn*, 921 S.W.2d at 73 (finding the State presented sufficient evidence for the jury to find defendant knowingly possessed the drugs where the drugs were found under the floor mat at defendant's feet even though defendant did not own the car).

Further, that the bag of methamphetamine was in plain view supports an inference that Clark knew about the drug's presence and nature. *See Moore*, 352 S.W.3d at 400. The fact that Clark threw a backpack out of the car while being pursued by the police which contained a pipe commonly used in smoking methamphetamine with residue on it provides additional support. See *Shinn*, 921 S.W.2d at 73 ("An act resembling an effort to conceal constitutes evidence reasonably implying consciousness of guilt."). Given the totality of the circumstances, we find that the State introduced sufficient evidence for a reasonable juror to have found that Clark knew about the drugs on the floorboard of the car and that he exercised control over them. Point II is denied.

### III. Disclosure of the Identity of the Confidential Informant

In point III, Clark asserts that the trial court abused its discretion by denying his motion to compel the disclosure of the confidential informant's identity. Specifically, Clark contends that the informant's testimony was crucial to his defense he possessed the firearm because the informant was the only person who could testify that he was in actual possession of the firearm. Finding no abuse of discretion, the point is denied.

A person commits the crime of unlawful possession of a firearm if the person knowingly has any firearm in his or her possession and such person has been convicted of a felony.[7] A person has actual possession of a firearm if he has the object on his person or within his easy reach and convenient control. *State v. Brownlee*, 493 S.W.3d 439, 444-45 (Mo. App. E.D. 2016).

The State must turn over an informant's identity when the informant can offer testimony relevant and crucial to the defense.

---

7. § 571.070.1 RSMo Supp. 2016.

*State v. Wandix*, 590 S.W.2d 82, 85 (Mo. banc 1979). Disclosure is not required if the testimony is on minor or collateral issues or if the testimony would be merely cumulative. *Id.* The degree of cruciality necessary to require disclosure must be balanced against the State's need for non-disclosure. *Id.* The decision on whether to require disclosure must be made case-by-case, considering the crime charged, the possible defense, the possible significance of the informant's testimony, and other relevant factors. *State v. Yates*, 442 S.W.2d 21, 25 (Mo. 1969). The defendant bears the burden of developing a record showing the need for disclosure. *State v. Amrine*, 741 S.W.2d 665, 671 (Mo. banc 1987). We review the trial court's decision for an abuse of discretion. *Id.*

Here, the trial court did not abuse its discretion by denying Clark's motion to compel the disclosure of the confidential informant's identity because Clark failed to meet his burden of developing a record showing the need for the disclosure. Based on the record here, the informant merely reported to the police that there was a weapon inside a Dodge Intrepid at a particular pawn shop which led to the police's investigation, but there is nothing in the record to support that the informant witnessed or was a participant in the events after giving this information to the police. *See State v. Andrews*, 770 S.W.2d 424, 428 (Mo. App. E.D. 1989) (finding no abuse of discretion by the trial court in denying defendant's motion to disclose the identity of the confidential informant where the confidential informant merely conveyed the defendant's name to the police and there was no evidence he was a witness or participant in the crime); *State v. Payne*, 660 S.W.2d 24, 26 (Mo. App. E.D. 1983) (noting that in cases involving only "tipster" type information with no further involvement in the crime, courts generally hold that disclosure is not material and not required). Further, Clark's argument that the informant's testimony could have supported a defense he did not possess the firearm is based purely on speculation and we fail to see the significance any such hypothetical testimony would have had given the evidence against him. Specifically, Clark was the sole passenger in the back of the car being pursued down an alley by the police, the police witnessed the car's back door being closed near a telephone pole in the alley, and the police found a backpack by the telephone pole minutes after stopping the car in the alley that contained Clark's cellphone and a firearm Clark admitted had his DNA on it. Point III is denied.

## Conclusion

Based on the foregoing reasons, we affirm the trial court's judgment.

Lisa P. Page, P.J. and Roy L. Richter, J. concur.